### 24265. McAfee *v.* Haverty Loan & Savings Company.

Broyles, C. J. 1. To set out a cause of action for malicious abuse of legal process, it must appear from the allegations of the petition and the supporting facts set forth therein that the defendant wilfully misapplied or perverted a legal process "to some use which the law did not intend that such a process should subserve." *McElreath* v. *Gross*, 23 *Ga. App.* 287, 289 (98 S. E. 190); *Collier* v. *Buice*, 36 *Ga. App.* 198 (136 S. E. 287).

2. The instant petition, properly construed, seeks to set out an action for the malicious abuse of legal process; but, as was said by Jenkins, J., in *McElreath* v. *Gross*, supra (the facts of which are quite similar to those of this case), "Nor do we think that there was error in sustaining the demurrer in so far as it pertained to the second count of the petition, which sought to set up a malicious abuse of legal process. No misapplication or perversion of the court's process is made to appear. The object attained in suing out the petition for injunction was not a perversion of that process. . . In order for there to be a malicious *abuse* of process, it must be wilfully misapplied or perverted to some use which the law did not intend that such a process should subserve. *Brantley* v. *Rhodes-Haverty Furniture Co.*, 131 *Ga.* 276, 281 (62 S. E. 222). It does not appear that the process was employed for any purpose other than that which such a process was intended by law to effect, since the interlocutory granting of the injunction as prayed was the sole use made or object attained. . . The mere fact that the institution of such a proceeding and the granting of such an order might of itself have incidentally caused the worry, annoyance, and humiliation alleged, and might also, as charged, have occasioned the usual trouble and expense attending such litigation, could not be taken as a perversion or misapplication of the process."

3. Under the foregoing ruling the court did not err in dismissing the petition, on general demurrer.

*Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*

DECIDED MARCH 26, 1935.

*Robert T. Efurd, Mose S. Hayes,* for plaintiff.

*Don K. Johnston, Colquitt, Parker, Troutman & Arkwright, Harllee Branch Jr.,* for defendant.