30743. BEATUS *v.* DARLING STORES CORPORATION.

DECIDED FEBRUARY 8, 1945.

*Hewlett & Dennis, I. M. Wengrow, A. E. Mayer,* for plaintiff.
*Bond Almand, George & John L. Westmoreland,* for defendant.

FELTON, J. ■ The petition, as stated above, was amended. The amendment was allowed and ordered filed subject to objections. The preface to the general and special demurrers stated: "Now comes the defendant, Darling Stores Corporation, and on the filing by the plaintiff of his amendment of October 16, 1944, files this its general and special demurrers to the original petition." The court passed the following order: "After argument the above general grounds of demurrer to the petition as amended are sustained and the petition dismissed." The plaintiff contends that the dismissal of the petition is a nullity because the demurrer was directed solely at the original petition and the court had no authority to pass on the demurrer to the petition as amended. The court's order stated that the demurrer was argued and that he sustained the demurrer to the petition as amended. In the absence of any contention that the trial judge heard argument solely on the demurrer to the original petition or that the question was raised before him that he could not pass on the demurrer to the petition as amended, in view of the ruling of the court, it will be presumed that the parties argued the demurrer to the petition as amended. Moreover, the amended petition was subject to general demurrer and in the absence of a showing that only the demurrer to the original petition was ruled on or that opportunity to amend the amended petition was denied, no harmful error is shown in the court's ruling.

■ The petition does not allege a cause of action for malicious use of process because termination of the suit for accounting is not alleged. Neither does the petition set forth a cause of action

for malicious abuse of legal process. Malicious use is the malicious suing out of process without probable cause. Malicious abuse of process is the improper use of process after it issues. *Davison-Paxon Co.* v. *Walker,* 174 *Ga.* 532 (2) (163 S. E. 212). The present action is not good on either theory because if the action was filed with probable cause, no matter with what motive, no improper use has been made of it since it was filed which has caused the plaintiff to do anything which was beyond or outside the purposes of the accounting suit; and if the action was filed without probable cause, the remedy in this case is exclusively for malicious use of process and no termination of the litigation is alleged, as above stated. Construing the petition most strongly against the pleader on demurrer, it alleges that the action for accounting was filed maliciously and without probable cause even though the identical words are not employed and no improper use after issue is alleged. The plaintiff alleges that he owned the property in question, and it does not appear how such an action for accounting could have affected the selling or incumbering of the property. It does not appear that the defendant used the accounting suit to force the plaintiff to permit it to further occupy the premises mentioned. We have found no case holding that a mere attempt to use legal process for an illegal purpose would suffice to combine with improper motive to constitute a cause of action for malicious abuse of process. The court did not err in sustaining the demurrer to the petition as amended and dismissing the action.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*