## 34636. DANTLEY *v.* BURGE.

Decided June 12, 1953—Rehearing denied July 1, 1953.

*Virgil H. Shepard, Gerald S. Mullis,* for plaintiff in error.

*T. A. Jacobs, Jr., Roy B. Rhodenhiser,* contra.

FELTON, J. The plainitff in error contends that her petition sets out a cause of action for malicious abuse of legal process, and that, therefore, it is not necessary for her to allege that the proceedings upon which this action is based terminated in her favor. "Malicious abuse of legal process is where the plaintiff in a civil proceeding wilfully misapplies the process of the court in order to obtain an object which such a process is not intended by law to effect, as contra-distinguished from malicious use of process, where the plaintiff in a civil proceeding employs the court's process in order to execute an object which the law intends such a process to subserve, but proceeds maliciously and without probable cause. *McElreath* v. *Gross,* 23 *Ga. App.* 287 (98 S. E. 190); *Roberts* v. *Willys-Overland Inc.,* 27 *Ga. App.* 304, 305 (108 S. E. 138)." *Braswell* v. *Mason Kominers Tire Co.,* 56 *Ga. App.* 593 (193 S. E. 357). The plaintiff alleges that the defendant maliciously sued out an intruder's warrant to evict her from the premises she was occupying, and it is upon this alleged unlawful eviction that she bases the present action. Code § 105-1501 provides the method by which intruders may be evicted. The process which the plaintiff alleges was abused was issued under this Code section. The process was designed to accomplish eviction and to gain possession of the premises, and it was used by the defendant here to accomplish that end. It cannot, then, be said that the process was perverted or put to a use which the law did not intend that it be put. "The object attained by suing out the warrant was not a perversion of the process. The obtaining possession of the premises was the very object of suing out the warrant." *Porter* v. *Johnson,* 96 *Ga.* 145, 149 (23 S. E. 123). See also *Gaines* v. *Pirkle,* 58 *Ga. App.* 546 (199 S. E. 317), and cases cited.

It is argued by the plaintiff that the object and purpose of

an intruder's warrant is to evict intruders and other persons who have entered the premises without any claim or shadow of right and that, since the plaintiff was not such a person, the warrant, being an intruder's warrant, was not used to evict an intruder, the lawful purpose of such warrant. Dispossessory warrants used in dispossessing tenants holding over (Code § 61-301 et seq.) and warrants for the ejection of intruders (Code § 105-1501) are different only insofar as their specific purposes are concerned, such difference depending on the relationship between the parties. Their natures and the ultimate ends they accomplish are the same, the dispossession of one in favor of another who is legally entitled to the possession. In determining whether the process was perverted and put to an unintended use, the law, in an abuse of legal process case, will look to the nature of the process and the ultimate end it is designed to accomplish, and not to the specific purpose of that particular process. In *Clement* v. *Orr*, 4 *Ga. App.* 117, 120 (60 S. E. 1017), the petition by which the plaintiff sought to set out a cause of action for the abuse of legal process alleged that the landlord sued out a dispossessory warrant against the tenant before the rent was due, and that the tenant was dispossessed by virtue of such warrant. The court held that a cause of action for malicious abuse of legal process would not lie, the warrant being used for the purpose it was intended to accomplish, dispossession. There—if the rent was not due and the dispossession was illegal, such could have been shown on the trial of the initial case—as here, if the plaintiff was not an intruder and not subject to such method of dispossession, such could have been shown on the initial proceeding (*Dugas* v. *Darden,* 65 *Ga. App.* 394, 397, 15 S. E. 2d 901); and had the defendant in the initial proceeding prevailed and she could prove that the initial proceeding was sued out maliciously and without probable cause, she would have a cause of action for malicious use of legal process.

The plaintiff alleges: "Petitioner further shows that throughout the term of this contract, that the defendant herein, by threats of force, coercion, and duress, made her pay additional charges of collection fees, usurious interest, water bills, and the right to use toilet. That all of said charges were illegal and not provided for by the terms of said agreement." It is not

alleged that the intruder's warrant was sued out for the purpose of extracting these alleged illegal charges not covered by the agreement between the parties, so as to bring this case within the purview of *Defnal* v. *Schoen*, 73 *Ga. App.* 25 (35 S. E. 2d 564). The plaintiff, immediately following the above allegation, alleges as follows: "That the defendant by forceably, wrongfully and illegally ejecting your petition as an intruder was for the sole and ulterior purpose of obtaining the premises so that she might negotiate another agreement to rent or resell the premises." So, by the plaintiff's own allegations, the only purpose the defendant had in suing out the warrant was to regain possession of the premises.

The case of *King* v. *Yarbray*, 136 *Ga.* 212 (71 S. E. 131), is distinguishable from the instant case. There the court said: "The case as made by the petition is that the defendant knew that the plaintiff's wages as engineer were not subject to the process of garnishment, and that the garnishment proceeding was instituted maliciously and without probable cause and was not intended to collect wages exempt by law from such legal process. The monthly wages of a locomotive engineer in the employment of a railroad company are not subject to the process of garnishment. *Smith* v. *Walker*, 119 *Ga.* 615 (46 S. E. 831). If the defendant maliciously and without probable cause employed the process of garnishment, not for the collection of the wages in the hands of the garnishee, but for an ulterior purpose, then he would be liable in an action for an abuse of legal process."

Assuming for the sake of argument that the ruling in *Collier, Inc.* v. *Buice*, 36 *Ga. App.* 198 (136 S. E. 287), is correct, that case is also distinguishable. The court there held that, where the relation of landlord and cropper exists, the cropper cannot be dispossessed under a summary warrant. In the instant case, whatever relationship was created by the agreement entered into between the parties, the defendant reserved the right to evict by the following clause in the agreement: "Until said down payment is made and said deed is delivered, buyer shall be subject to be evicted from the premises in any month of default of payment of such stipulated sum."

For illustrations of proper cases for malicious abuse of legal process see 1 Cooley on Torts (4th Ed.), pp. 434, 435, § 131.

The petition fails to allege a cause of action for malicious abuse of legal process. See *Robinson* v. *Commercial Credit Co.*, 37 *Ga. App.* 291 (139 S. E. 915); *Braswell* v. *Mason Kominers Tire Co.*, supra; *Davison-Paxon Co.* v. *Walker*, 174 *Ga.* 532 (163 S. E. 212); *Dugas* v. *Darden*, supra; *Beatus* v. *Darling Stores Corp.*, 72 *Ga. App.* 84 (2) (33 S. E. 2d 37); *McAfee* v. *Haverty Loan & Savings Co.*, 51 *Ga. App.* 15 (179 S. E. 419).

The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*