## 60362. LANDON v. LAVIETES.

QUILLIAN, Presiding Judge.
Appellant contracted in writing to construct a swimming pool for appellee on his property. The contract included a warranty against defects in material and workmanship for one year. A progress payment of over half of the agreed price was made when the pool shell was constructed. A surrounding concrete apron was then poured around the pool in September 1972. The apron was made from two different colors of cement, a defect which appellee objected to and which appellant agreed should be corrected. Numerous unsuccessful

attempts were made by appellant during the following three years to correct the defect by coating the concrete with various materials to achieve a uniform color, the last such effort being in November 1975. Appellant made no demand for final payment of the contract price until the last coating was applied when he sent an invoice to appellee which appellee paid in January 1976. In less than a year after the last coating was applied, it also began to fail and appellee notified appellant thereof requesting he make further repairs. Appellant did nothing further and appellee brought this suit for damages. A jury found for appellee and appellant appeals. *Held:*

1. Appellant claims that the trial court erred in refusing to grant a directed verdict against appellee on the basis of an accord and satisfaction or estoppel. The authorities cited by appellant are not factually similar and are inapplicable to the facts in this case, which simply do not meet the definition of an accord and satisfaction. See Code Ann. § 20-1201. There is no evidence of an agreement subsequent to the original to settle any dispute, or any other matter which would give rise to an estoppel. After appellant had apparently completed the work as agreed and billed appellee for the final contract payment, appellee made that payment and the work did not survive the one-year warranty period. Appellee relied on the contract, which had no set completion date, and the warranty contained therein. We find no error.

2. The remaining three enumerations complain that the trial court failed to give certain charges and gave an erroneous charge to the jury. No authorities are cited in support. No objection was made to the alleged erroneous charge and of the two charges not given, there was no objection made to one and there are no written requests in the record for either.

" 'A party in a civil case cannot complain of the giving or failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict. Code Ann. § 70-207(a).' " *Sturdivant v. Polk,* 140 Ga. App. 152, 156 (230 SE2d 115). Where no written request to charge is made a claim of error for failure to charge has no merit. *Steed v. Steel Products Mfg. Co.,* 152 Ga. App. 350 (6) (262 SE2d 616).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

Argued September 15, 1980 — Decided October 16, 1980.

*Perry O. Lemmons,* for appellant.
*John E. Hill,* for appellee.