63586. THOMAS et al. v. RONALD A. EDWARDS CONSTRUCTION COMPANY, INC. et al.

POPE, Judge.

Appellants Bruce W. Thomas, Jr. and his wife Jettielene brought this action against appellees, Ronald A. Edwards and the construction company bearing his name, seeking certain equitable relief as well as damages for intentional infliction of emotional distress and malicious abuse of process. This action arose out of an agreement by which the construction company was to build a house for $77,135.00 on a lot owned by appellants. In order to facilitate financing for the construction, appellants deeded the lot upon which the house was to be built to the construction company. Prior to the completion of the house, appellants moved in after receiving permission to do so from Edwards. Shortly thereafter a dispute arose regarding additional costs over and above the agreed construction price. As a result of this dispute appellants refused to close the transaction. Edwards, apparently under pressure from the bank which had provided the financing, told appellants that if they were not going to close they would have to make arrangements to move elsewhere. Unable to reach an agreement, the construction company swore out a dispossessory warrant in municipal court against Mr. Thomas, notice of which was tacked to the front door of the house when no one was at home. Appellants filed a timely answer to the dispossessory warrant and counterclaimed for "malicious abuse of process and intentional infliction of emotional distress" and also to have the property deeded to them "in exchange for their paying to Ronald A. Edwards Construction Company, Inc. the amount justly owed to it for work done by it in constructing their home."

Several weeks later, appellants filed the subject lawsuit in superior court seeking essentially the same relief as set forth in their counterclaim in municipal court. Pursuant to motion by appellants, the municipal court action was transferred to the superior court and

consolidated with the subject lawsuit. After subsequent attempts to settle this matter had failed, appellants paid off the construction loan to the bank for $85,973.26 in exchange for a deed to the subject property from the construction company; no money was paid to appellees. Several months thereafter appellants amended their complaint reflecting this payment to the bank and alleging that such payment would not have been made except for the outstanding dispossessory warrant. Following extensive pretrial discovery, appellees moved for and were granted summary judgment.

In their appeal from the trial court's order granting summary judgment, appellants contend that genuine issues remain as to material facts relating to each of three causes of action: (1) "negligent construction" or breach of contract, (2) intentional infliction of emotional distress on Mrs. Thomas, and (3) malicious abuse of process.

1. Our review of the record does not disclose any specific prayer by appellants for relief resulting from "negligent construction" or breach of contract by appellees. Count I of appellants original complaint lists ten separate "short cuts and deviations" allegedly taken by appellees in the construction of the house. The complaint also admits certain unspecified extra work was done by the construction company beyond that originally agreed to. Notwithstanding these alleged deficiencies and extras, the original complaint stated that appellants stood ready to pay the contract price of $77,135.00 for the house plus whatever interest had accrued on the construction loan. Appellants prayed for an equitable decree compelling the construction company to deed the property to them "in exchange for such sums as are found to be due by the court. . . ." In the amendment to their complaint appellants deleted this prayer for equitable relief, alleging that, for fear of being dispossessed of the house, they had paid $85,973.26 to the bank in exchange for a deed to the house from the construction company. Appellant's amended prayer for relief on all claims now sought only money damages — $250,000.00 in actual damages and $500,000.00 in punitive damages.

Appellees contend that appellants have failed to allege or pray for damages resulting from "negligent construction" or breach of contract. However, appellants' complaint as amended still contains the specific allegations in Count I of unauthorized deficiencies in construction, as well as a general prayer for damages concluding the complaint. While appellants' amended complaint could certainly have been more artfully drafted in this regard, it is sufficient to apprise appellees as to the nature of this claim so that they can defend against it. Code Ann. § 81A-108 (a); compare *Runyan v. Economics Laboratory,* 147 Ga. App. 53 (4) (248 SE2d 44) (1978).

Appellees also contend that appellants' complaint is inconsistent and contradictory because it states that appellants would pay the contract price of $77,135.00 plus interest notwithstanding the alleged deficiencies. Appellees argue that this is an admission in judicio and should be dispositive of this issue. We disagree. The evidence of record discloses conflicts relating both to the alleged deficiencies and also to the extras. The record also discloses that appellant did not pay $77,135.00 plus interest for the deed to the house. Moreover, there is nothing in the record which indicates that the payment appellants did make, $85,973.26 to the bank in exchange for a deed from the construction company, was intended to be a settlement of the dispute over the alleged unauthorized deficiencies and the extras. See *Landon v. Lavietes,* 156 Ga. App. 123 (1) (274 SE2d 120) (1980); see also *McKee v. Wheelus,* 85 Ga. App. 525 (69 SE2d 788) (1952).

Finally, appellees contend that proof of appellants' claimed deficiencies must be established by expert testimony and that there is none in the record of this case. They argue that the subject matter is beyond the competence of untrained persons. Appellants' complaint alleges short cuts and deviations by appellees from the subject contract. The law is well settled that appellants are entitled to recover damages for any unauthorized deviations from the agreement by appellees, "even though the materials used [or the method of construction] be in all respects equally as good as those the contractor [appellees] agreed to furnish." *Cannon v. Hunt,* 116 Ga. 452 (3) (42 SE 734) (1902). No expert testimony is required in order to prove damages in this case.

The trial court erred in granting summary judgment as to the issue of "negligent construction" or breach of contract.

2. Georgia has long recognized a cause of action for intentional infliction of emotional distress. See *Stephens v. Waits,* 53 Ga. App. 44 (184 SE 781) (1936); *Dunn v. Western Union Tel. Co.,* 2 Ga. App. 845 (59 SE 189) (1907). "However, in those cases where recovery has been authorized for intentional infliction of emotional distress, the defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff." *Ga. Power Co. v. Johnson,* 155 Ga. App. 862, 863 (274 SE2d 17) (1980). Appellants rely on two incidents in support of this claim: (a) appellees' charging $5,000.00 for "Mrs. Thomas' personal supervision" of the construction and (b) appellees' swearing out the dispossessory warrant.

(a) Edwards explained that the $5,000.00 charge was what Mrs. Thomas' interference on the job cost him in time and material. He went on to state that he never intended to collect this charge; "it was just to let them know how I felt about the interference on the job."

This charge was struck when the parties first began to negotiate a settlement, and Mrs. Thomas made no reference to it in her testimony of record. While appellees' conduct in this regard may have caused Mrs. Thomas some worry, it clearly did not amount to the kind of egregious conduct necessary to state a claim for the intentional infliction of emotional distress. See Young v. Colonial Oil Co., 451 FSupp. 360 (M.D. Ga. 1978).

(b) Nor did the swearing out of the dispossessory warrant amount to conduct necessary to state a claim for relief hereunder. "The behavior attributed to the [appellees] in this case cannot reasonably be characterized as humiliating, insulting, or terrifying, being confined, as it was, to the preparation and filing of legal pleadings." *Ga. Power Co. v. Johnson,* supra at 863. Therefore, summary judgment was properly entered as to this cause of action.

3. Appellants base their claim of malicious abuse of process on appellees' swearing out a dispossessory warrant against them. Appellants allege that appellees used the dispossessory warrant "as a club" to force them to pay more money for the house than they actually owed.

The record shows that the construction company swore out the subject dispossessory warrant and that appellants filed a timely answer thereto. Edwards admitted that his purpose in swearing out the warrant was to make appellants come to some understanding in regard to paying for the house. The matter was then transferred to the superior court. There is nothing in the record to indicate any further action has been taken with regard to the dispossessory warrant.

" 'Malicious *abuse* of civil process . . . lies when the plaintiff in a civil proceeding wilfully misapplies process of the court in order to obtain an objective such process was not intended by law to achieve. (Cits.) . . . In malicious abuse of process actions there must be an ulterior motive on the part of the plaintiff to employ the process for a purpose for which it was not designed, *coupled with an improper act* in the use of such process *after it has issued* which amounts to its perversion to some unlawful purpose. (Cits.) Thus, the critical element of *abuse* of civil process is that the action lies for "improper use of process after it has been issued, not for maliciously causing it to issue." (Cits.)' *Cooper v. Public Finance Corp.,* 146 Ga. App. 250, 254 (246 SE2d 684) (1978)." *Medoc Corp. v. Keel,* 152 Ga. App. 684, 686 (263 SE2d 543) (1979).

There is some evidence of record that appellees brought the dispossessory action to achieve a purpose for which it was not designed, i.e., to force appellants to close on the house. See *Dantley v. Burge,* 88 Ga. App. 478 (77 SE2d 107) (1953); see also *Thrift v. Schurr,*

52 Ga. App. 314 (1) (183 SE 195) (1935). It is equally clear, however, that there was no improper act by appellees in the use of the process after it was issued. Rather, the dispossessory action lay dormant and unresolved in the superior court until it was rendered moot by the transaction wherein appellees deeded the property to appellants. Since "bringing and continuing" a lawsuit, in and of itself, will not support an action for malicious abuse of process, the trial court properly entered summary judgment against appellants as to this cause of action. *Medoc Corp. v. Keel,* supra; see *Henson v. Columbus Bank &c. Co.,* 144 Ga. App. 80 (5) (240 SE2d 284) (1977).

*Judgment affirmed in part; reversed in part. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 7, 1982 —
REHEARING DENIED JULY 23, 1982 —

*Stephen G. Gunby, Charles A. Gower,* for appellants.
*Barschall Andrews, William G. Scrantom,* for appellees.