## A99A0742. FRANK et al. v. FLEET FINANCE, INC. OF GEORGIA.
### (518 SE2d 717)

RUFFIN, Judge.

This case began as a dispossessory action filed by Fleet Finance, Inc. of Georgia against John and Connie Frank following Fleet's foreclosure on the Franks' residence in Henry County. In an amended answer, the Franks asserted a counterclaim, seeking punitive damages for intentional infliction of emotional distress. Fleet moved for partial summary judgment on the intentional infliction claim. The trial court granted summary judgment to Fleet, and the Franks appeal. We affirm.

Pursuant to OCGA § 9-11-56, summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. In order to prevail in a motion for summary judgment, a *defendant* must demonstrate "that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [jury] issue as to any essential element of plaintiff's claim." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In reviewing a trial court's grant of summary judgment, our review is de novo, and we view the evidence in the light most favorable to the nonmovant. *Taylor v. Gelfand*, 233 Ga. App. 835-836 (505 SE2d 222) (1998).

We detailed the facts of this case in our opinion in *Frank v. Fleet Finance*, 227 Ga. App. 543 (489 SE2d 523) (1997). Succinctly stated, the facts are as follows: In 1988, the Franks financed the purchase of residential property through Griffin Federal Savings Bank.[1] In 1990, the Franks obtained a second mortgage that was transferred to Fleet. After Griffin foreclosed on the property, Fleet purchased the property in January 1993. The Franks continued to live at the residence as tenants.[2]

According to the Franks, in April 1993 Fleet offered to sell them the house. On May 7, 1993, the parties signed a contract in which Fleet agreed to sell John Frank the property for $192,000, with Frank putting $10,000 down and Fleet holding a first mortgage for the remaining $182,000 at ten and one-half percent interest for thirty years. According to the contract, the closing was to take place on or before May 31, 1993, unless both parties agreed, in writing, to extend the contract. Although the closing did not take place by May 31, 1993, John Frank asserts that he was told by a vice president of Fleet that Fleet would extend the date for closing and that it was not necessary to change the contract.

---

[1] Griffin Federal Savings Bank is not a party to this action.

[2] In *Frank v. Fleet Finance*, supra, we affirmed the trial court's ruling that the Franks were tenants on the property. Id. at 547 (1) (c).

The Franks contend that all they had to do to close the contract was to tender the $10,000 down payment to Fleet. According to the Franks, they were ready, willing and able to tender the down payment, but Fleet failed to schedule a closing date. The Franks sent Fleet numerous letters and made multiple phone calls in an attempt to schedule the closing, but Fleet failed to respond.

In October 1993, the Franks sent Fleet a cashier's check in the amount of $10,000, which Fleet deposited. Fleet subsequently attempted to return the money, but the Franks refused to accept the refund.

In May 1994, Fleet began dispossessory proceedings against the Franks and, through a police officer, served Connie Frank with a summons at the school where she worked. According to Connie Frank, she was embarrassed when the police officer appeared at the school and the experience made her cry. After learning of the dispossessory proceedings, John Frank went to Fleet's offices where he met with a Fleet employee. Following this meeting, Fleet agreed to dismiss the dispossessory action.

Fleet recommenced dispossessory proceedings in February 1995. Once again, John Frank went to Fleet's offices where he met with another Fleet employee who told him that the May 1993 contract was invalid. However, in view of the Franks' interest in purchasing the property, the employee said that Fleet would continue the dispossessory action for 30 days to give the Franks time to obtain financing elsewhere to purchase the house. The Franks contend that, although Fleet decided in June 1993 not to honor the May 1993 contract, Fleet failed to inform them of its decision until March 1995, at John Frank's second meeting with Fleet.

John and Connie Frank sued Fleet for intentional infliction of emotional distress, claiming that Fleet's failure to close the sale of the house in accordance with the contract was upsetting to them. They claim that the uncertainty with regard to the status of their home caused them to become more reclusive. John Frank suggested that the stress from the lengthy lawsuit has caused his hair to turn prematurely gray. Connie Frank claims she has been "emotionally torn apart . . . since all of this has been going on on the house." In addition, she claims that she has gained weight, has lost sleep, and is generally more nervous.

Although Fleet disputes the Franks' version of the facts, for purposes of reviewing the trial court's grant of summary judgment, we will treat their contentions as true. However, even if we give the Franks the benefit of all reasonable doubts and inferences, we agree that the trial court properly granted summary judgment to Fleet on the Franks' claim of intentional infliction of emotional distress.

"Georgia has long recognized a cause of action for intentional

infliction of emotional distress." *Thomas v. Ronald A. Edwards Constr. Co.*, 163 Ga. App. 202, 204 (2) (293 SE2d 383) (1982). However, "[t]he burden which the plaintiff must meet in order to prevail in this cause of action is a stringent one." (Punctuation omitted.) *Ingram v. JIK Realty Co.*, 199 Ga. App. 335, 336 (1) (404 SE2d 802) (1991). To prevail, a plaintiff must demonstrate that: (1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *Amstadter v. Liberty Healthcare Corp.*, 233 Ga. App. 240, 242-243 (2) (503 SE2d 877) (1998). The defendant's conduct "must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Punctuation omitted.) *Martin v. North American Van Lines*, 226 Ga. App. 187, 190 (2) (c) (485 SE2d 815) (1997). "Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law." (Punctuation omitted.) *Taylor*, supra at 837 (3).

The Franks argue that Fleet's conduct in entering into a contract to sell them the house only to leave them "dangling in an abyss of uncertainty and anguish" for almost two years constitutes extreme and outrageous conduct. We disagree. The gravamen of the Franks' complaint against Fleet is that Fleet breached its contract with them. In doing so, Fleet may have acted in bad faith. However, Fleet's conduct cannot be described as extreme, outrageous, atrocious, intolerable or beyond the bounds of decency. See *Discovery Point Franchising v. Miller*, 234 Ga. App. 68, 73 (4) (505 SE2d 822) (1998) (sharp business practices do not rise to level of outrageousness to support a claim for intentional infliction of emotional distress); *Fisher v. Toombs County Nursing Home*, 223 Ga. App. 842, 846-847 (3) (479 SE2d 180) (1996) (nursing home's conduct in discharging a patient in violation of contract was not outrageous or egregious); *Ingram*, supra (summary judgment on intentional infliction claim affirmed where defendant's conduct consisted of wrongfully foreclosing on plaintiff's property).

To the extent that the Franks' claim is premised upon Fleet's conduct in instituting dispossessory proceedings against them, this claim also must fail. This Court has recognized that the swearing out of a dispossessory warrant does not constitute the kind of egregious conduct necessary to sustain a claim for intentional infliction of emotional distress. *Thomas*, supra at 205 (2) (b). Accordingly, the trial court did not err in granting summary judgment to Fleet on the Franks' claim of intentional infliction of emotional distress.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 27, 1999.

*Parker & Day, James A. Parker, Vallerina F. Day,* for appellants.
*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, John G. Aldridge, Jr., Peter L. Lublin,* for appellee.