A07A0378. FINK et al. v. DODD.
(649 SE2d 359)

ELLINGTON, Judge.

Bruce Fink and his dental practice, Bruce Fink DDS, P.C., (collectively "Fink") appeal from the judgment of the State Court of Cobb County awarding Patricia Dodd $19,058. On May 27, 2003,

Dodd filed a complaint against Fink[1] averring claims for libel and slander.[2] Fink failed to timely answer[3] and on January 14, 2004, the court entered a default against him. The court conducted a jury trial on the issue of damages on May 23, 2006. The jury determined damages based on two claims the court deemed admitted by the default: wrongful termination[4] and slander.[5] The jury awarded Dodd $19,058 in compensatory damages. Fink contends the trial court erred in concluding that Dodd's claims were conclusively established by virtue of the default, in prohibiting him from offering certain evidence, in charging the jury on wrongful termination, and in allowing Dodd to present certain evidence of damages. For the following reasons, we reverse.

1. In support of his argument that the trial court erred in holding that Dodd's claims were conclusively established, Fink contends that the court erred in holding that the factual allegations of the complaint were sufficient to carry Dodd's burden of proof on her slander and wrongful termination claims and in prohibiting him from making any argument or presenting evidence to the contrary at trial. As we have held,

> a defendant in default is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged. The default concludes the defendant's liability, and estops him from offering any defenses which would defeat the right of recovery.

(Citations and punctuation omitted.) *Cohran v. Carlin*, 254 Ga. 580, 585 (3) (331 SE2d 523) (1985). See also OCGA § 9-11-55 (a) (default). However, as Fink correctly points out, the default operates to admit only the well-pled *factual* allegations of the complaint and the fair inferences and conclusions of fact to be drawn from those allegations. As we have explained:

---

[1] Dodd also sued Fink's wife but dismissed her from the action on January 23, 2004.

[2] Dodd averred, in the section of her complaint titled "IV. VIOLATIONS ALLEGED," claims for slander, libel, and punitive damages.

[3] Fink's original attorney's efforts to set aside the default were also procedurally defective. That attorney has since been disbarred for essentially abandoning the practice of law without notifying his clients. *In re Vogel*, 279 Ga. 719 (620 SE2d 389) (2005).

[4] The wrongful termination claim was apparently derived by the court from a paragraph contained in Section III of the complaint entitled "FACTUAL ALLEGATIONS." That paragraph stated: "Dr. Fink wrongfully terminated [Dodd's] employment causing her to suffer lost wages."

[5] It appears Dodd abandoned her claim for damages for libel because it was not submitted to the jury.

It is axiomatic that a default does not result in the admission of allegations that are not well-pled or that are the result of forced inferences. The failure to answer or to appear at trial serves as an admission of the facts alleged in the complaint, but not of the conclusions of law contained therein. So while a default operates as an admission of the well-pled factual allegations in a complaint, it does not admit the legal conclusions contained therein. A default simply does not require blind acceptance of a plaintiff's erroneous conclusions of law. Nor does a default preclude a defendant from showing that under the facts as deemed admitted, no claim existed which would allow the plaintiff to recover.

(Punctuation, footnotes and emphasis omitted.) *Grand v. Hope*, 274 Ga. App. 626, 629 (1) (617 SE2d 593) (2005). See also *Crawford v. Dammann,* 277 Ga. App. 442, 453-454 (4) (c) (626 SE2d 632) (2006). Thus, the default did not preclude Fink from showing that, under the facts as deemed admitted, no claim existed which would allow Dodd to recover. Id.; *ServiceMaster Co. v. Martin*, 252 Ga. App. 752 (1) (556 SE2d 517) (2001).

(a) *Wrongful termination.*

Fink argued at trial that the complaint failed to state a claim for wrongful termination. The court responded: "Dr. Fink says this[:] I wrongfully terminated [Dodd's] employment. . . . That admission is meaningless unless it supports a claim for wrongful termination." The court thereafter prohibited Fink from showing that Dodd was an at-will employee and allowed the jury to consider evidence of damages allegedly flowing from the wrongful termination.

In Georgia, wrongful termination "is a tortious act growing out of the breach of the employment contract." *Mr. B's Oil Co. v. Register*, 181 Ga. App. 166, 167 (351 SE2d 533) (1986). As we have explained,

[i]n [Georgia,] the general rule is that an employee, employed at will and not by contract, cannot bring an action against his employer for wrongful discharge from employment or wrongful interference with the employment contract when and where he is an at will employee with no definite and certain contract of employment. The employer[ ] with or without cause and regardless of its motives may discharge the employee without liability.

(Citations and punctuation omitted.) *Jellico v. Effingham County*, 221 Ga. App. 252, 253 (471 SE2d 36) (1996); *Borden v. Johnson*, 196 Ga. App. 288, 289 (1) (395 SE2d 628) (1990); see OCGA § 34-7-1.

Dodd's complaint sets forth the following factual assertions relevant to her alleged claim of wrongful termination.[6] Fink and his dental practice employed Dodd as an office manager for 11 months. Fink stated that Dodd stole money from the practice, even though he knew this was not true. Fink "wrongfully terminated [Dodd's] employment causing her to suffer lost wages." Nowhere in the complaint does Dodd allege facts showing an enforceable contract of employment[7] or assert facts from which such a contract reasonably may be inferred. Where no terms of a contract are set out

> the complaint must be construed as alleging that the employee was working under a contract terminable upon the will of the employer. An at-will employee generally does not have a reasonable expectation of continued employment to establish a property right protected by law.[8]

(Citations omitted.) *Shores v. Modern Transp. Svcs.*, 262 Ga. App. 293, 295 (1) (585 SE2d 664) (2003). Because the well-pled allegations of Dodd's complaint failed to establish that she was anything other than an at-will employee, her complaint failed to state a claim for wrongful termination under Georgia law for which she was entitled to recover. Id. (trial court properly granted summary judgment in favor of defendant when complaint failed to set out terms of an employment contract); *Elliott v. Delta Air Lines*, 116 Ga. App. 36 (156 SE2d 656) (1967) (trial court properly sustained general demurrer to wrongful termination petition that failed to set out terms of an employment contract).

For these reasons, we hold that the state court erred in prohibiting Fink from showing that Dodd failed to state a claim for wrongful termination and in holding that Dodd had conclusively established a wrongful termination claim.

(b) *Slander.*

---

[6] Dodd did not designate any count in the violations section of her complaint as a claim for the tort of "wrongful termination." See, supra, footnotes 2 and 4.

[7] See generally *American Standard v. Jessee*, 150 Ga. App. 663 (1) (258 SE2d 240) (1979) (discussing the Statute of Frauds, employment contracts, and the requirement that certain contracts be in writing).

[8] Dodd also argues that certain public policy exceptions to the at-will employment doctrine will support a wrongful termination suit. She fails, however, to point to any factual allegations in the complaint which would support the application of any such exception to this case. See *Reilly v. Alcan Aluminum Corp.*, 272 Ga. 279-280 (1) (528 SE2d 238) (2000) ("Pursuant to OCGA § 34-7-1, an at-will employee generally may be terminated for any reason, and the employee may not recover from the employer in tort for wrongful discharge. Although there can be public policy exceptions to the [at-will employment] doctrine, judicially created exceptions are not favored, and Georgia courts thus generally defer to the legislature to create them.") (footnotes omitted).

Prior to trial Fink argued that, although Dodd's slander claim may have been sufficient as a "notice" pleading, the allegations of the complaint were conclusory and failed to state with specificity the statements made, the context in which they were made, and to whom they were published. The trial court disagreed, holding that the elements of slander were conclusively proven by virtue of the default, and prohibited Fink from making any showing to the contrary.

Dodd avers in her complaint that Fink committed slander when,

[o]n or about November 25, 2002, Dr. Fink claimed that [Dodd] kept some $46,000.00 of his money and did not give it to him. . . . Dr. Fink has told various people orally that [Dodd] stole $86,000.00 from him through his office.

Dodd also averred that Fink's statements "are not true, and he knows that they are not true." Dodd does not name or otherwise identify the person or persons to whom the slanderous remarks were made.

Under the relevant Georgia law, "[s]lander or oral defamation consists in: (1) [i]mputing to another a crime punishable by law." OCGA § 51-5-4 (a) (1); *Kurtz v. Williams*, 188 Ga. App. 14, 15 (3) (371 SE2d 878) (1988). To be actionable as slander, an oral communication must be both false and malicious. *Williams v. Trust Co.*, 140 Ga. App. 49, 50 (I) (230 SE2d 45) (1976). In the case of slander imputing to another a crime punishable by law, both malice and special damage are inferred. Id.; OCGA § 51-5-4 (b). Finally, it has long been the law that publication of the defamatory remark "is indispensable to recovery for slander." (Citation omitted.) *Walter v. Davidson*, 214 Ga. 187, 190 (104 SE2d 113) (1958). Generally, publication occurs when the slander is communicated to anyone other than the person slandered. *Pavlovski v. Thornton*, 89 Ga. 829 (2) (15 SE 822) (1892). However, Georgia courts have further refined the broad definition of publication so that,

when the communication is intracorporate, or between members of unincorporated groups or associations, and is heard by one who, because of his/her duty or authority has reason to receive information, there is no publication of the allegedly slanderous material, and without publication, there is no cause of action for slander.

(Footnote omitted.) *Galardi v. Steele-Inman*, 266 Ga. App. 515, 519 (2) (597 SE2d 571) (2004). "This rule is based on the legal fiction that such statements are the legal equivalent of speaking only to one's self." (Footnote omitted.) Id. Finally, the intracorporate communications doctrine "is not a conditional defense destroyed by proof of

malice but, rather, an element of the tort of slander." *Terrell v. Holmes*, 226 Ga. App. 341, 343 (1) (487 SE2d 6) (1997).

In the instant case, Dodd's complaint did not identify those to whom the allegedly slanderous statements were made. Thus, she has not pled facts from which a jury might reasonably infer that the statements were made to people who were not employees covered by the intracorporate communications doctrine. Because Dodd's complaint failed to allege that Fink's oral statements imputing a crime to her were made to anyone outside of the professional corporation, the trial court erred in holding that Fink was precluded from showing that the complaint failed to state a claim for slander for which Dodd was entitled to recover.

2. Given our holding in Division 1, supra, Fink's claims of error pertaining to the jury charge on the law of wrongful termination and the admission of evidence of Dodd's consequential damages stemming from the tort of wrongful termination are moot.

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED JULY 6, 2007.

*Michael M. Calabro*, for appellants.
*Jack J. Menendez*, for appellee.