A09A0325, A09A0326. BLUE VIEW CORPORATION v. BELL
et al.; and vice versa.
(679 SE2d 739)

SMITH, Presiding Judge.

In these cases consolidated for appeal, Blue View Corporation (Blue View) appeals from the trial court's grant of a default judgment in favor of Yolanda Bell and Wesley Bell, Sr. The Bells cross-appeal from the trial court's ruling on Blue View's motion to set aside that judgment. Because the trial court erred in entering the default judgment against Blue View, we reverse in Case No. A09A0325 and dismiss as moot the cross-appeal in Case No. A09A0326.

The Bells sued Blue View for intentional infliction of emotional distress arising out of Blue View's initiation of foreclosure proceedings.[1] When Blue View failed to answer the complaint, the trial court entered default judgment in favor of the Bells. Following a hearing on damages, the trial court entered a final judgment awarding the Bells $2 million in compensatory damages and $5 million in punitive damages. Blue View moved to set aside the default judgment on grounds that it did not receive notice of the final judgment and did not receive timely notice of the hearing on damages. Finding that Blue View did not receive notice of the final judgment but did receive notice of the hearing, the trial court granted the motion to set aside but then reentered the same judgment including the award of damages.

In Case No. A09A0325, Blue View appeals, arguing that the trial court erred in entering the default judgment, awarding punitive damages, denying its motion to set aside, and refusing to create a transcript of the unreported damages hearing as allowed by OCGA § 5-6-41 (g) and (i). In Case No. A09A0326, the Bells appeal, arguing that the trial court erred in concluding that they were required to notify Blue View of the final judgment, and erred in setting aside and reentering the final judgment.

### Case No. A09A0325

The Bells' complaint and amended complaint alleged that in May 2000, approximately one year after purchasing certain real

---

[1] The Bells also sued Bank One, N.A. (Bank One), Stewart Title Guaranty Corporation (Stewart Title), and Pilkenton-Murray, LLC, but dismissed with prejudice their claims against those parties.

property, they obtained a home equity line of credit and loan in the amount of $67,000 from Bank One. When they fell into arrears on the loan, the Bells filed for bankruptcy. In December 2003, the Bells "entered into good faith negotiations with Defendant Bank One to establish a payoff amount of the loan." In May 2004, without notice to the Bells or the bankruptcy court, Bank One assigned the Bells' loan to Blue View. Six months after the assignment to Blue View, Bank One accepted $4,500 from the Bells as payoff of the loan. In February 2005, Blue View initiated foreclosure proceedings on the Bells' property, but "the foreclosure was withdrawn." Blue View assigned the loan to Stewart Title in August 2005. In April 2007, Stewart Title foreclosed on the property. The property was auctioned at a foreclosure sale on June 5, 2007.

The Bells' complaint alleged claims against Stewart Title or Bank One for wrongful foreclosure, fraud, slander of title, failure to cancel instrument of record, conversion, and violation of the Real Estate Settlement Procedures Act. The Bells also alleged that they suffered severe emotional distress from the actions of Stewart Title, Bank One and Blue View.

1. Blue View contends that the trial court erred in granting default judgment in favor of the Bells because "no claim for intentional infliction of emotional distress exists." We agree.

It is true that

a defendant in default is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged. The default concludes the defendant's liability, and estops him from offering any defenses which would defeat the right of recovery.

(Citations and punctuation omitted.) *Fink v. Dodd*, 286 Ga. App. 363, 364 (1) (649 SE2d 359) (2007). However,

[i]t is axiomatic that a default does not result in the admission of allegations that are not well-pled or that are the result of forced inferences. The failure to answer or to appear at trial serves as an admission of the facts alleged in the complaint, but not of the conclusions of law contained therein. So while a default operates as an admission of the well-pled factual allegations in a complaint, it does not admit the legal conclusions contained therein. A default simply does not require blind acceptance of a plaintiff's erroneous conclusions of law. Nor does a default preclude a defendant from showing that under the facts as deemed

admitted, no claim existed which would allow the plaintiff to recover.

(Citations and punctuation omitted.) Id. at 365 (1); see *Service-Master Co. v. Martin*, 252 Ga. App. 751, 752-753 (1) (556 SE2d 517) (2001). The default judgment does not preclude Blue View from showing that "under the facts as deemed admitted, no claim existed which would allow [the plaintiffs] to recover." (Citations omitted.) *Fink*, supra, 286 Ga. App. at 365 (1).

The only claim against Blue View is one for intentional infliction of emotional distress.

> Georgia has long recognized a cause of action for intentional infliction of emotional distress. However, the burden which the plaintiff must meet in order to prevail in this cause of action is a stringent one. To prevail, a plaintiff must demonstrate that: (1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. The defendant's conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law.

(Citations and punctuation omitted.) *Frank v. Fleet Finance*, 238 Ga. App. 316, 317-318 (518 SE2d 717) (1999).

The Bells alleged that they suffered emotional distress, fright, humiliation, and embarrassment, as a result of the intentional actions of Blue View. We look to the facts alleged in the Bells' complaint, which are deemed admitted by Blue View, to determine if those facts are legally sufficient to support a claim of intentional infliction of emotional distress. The complaint alleges that Blue View "recklessly, wantonly and with extreme indifference to the consequences ignore[d] the facts of the case that the debt had been paid," that Blue View "instituted foreclosure proceeding[s] against the [Bells]," and that "upon information and belief the foreclosure was withdrawn by Blue View." The complaint did not contain any other details or specific allegations concerning Blue View.

While it is true that "an intentional wrongful foreclosure can be the basis for an action for intentional infliction of emotional distress," (citation omitted) *Ingram v. JIK Realty Co.*, 199 Ga. App. 335, 337 (1) (404 SE2d 802) (1991), the facts admitted here establish

only that Blue View initiated foreclosure proceedings but then withdrew them, apparently prior to assigning the loan to Stewart Title. Any wrongful foreclosure, as a basis for intentional infliction of emotional distress, was carried out by Stewart Title, not Blue View. And we cannot say as a matter of law, merely based on the conclusory allegations in the complaint, that the acts of Blue View were extreme and outrageous or that the Bells' emotional distress was "so severe that no reasonable man could be expected to endure it." (Citations and punctuation omitted.) Id.

Therefore, under the facts pled by the Bells and deemed admitted by Blue View, there is no claim for intentional infliction of emotional distress that would allow the Bells to recover. See *Ingram*, supra, 199 Ga. App. at 337 (1) (no intentional infliction of emotional distress as a matter of law where plaintiff's security interest not validly extinguished by attempted wrongful foreclosure); compare *DeGolyer v. Green Tree Servicing*, 291 Ga. App. 444, 449-450 (4) (662 SE2d 141) (2008) (evidence supported claim for intentional infliction of emotional distress where party proceeded with foreclosure and sale after being told it foreclosed on wrong property). The trial court therefore erred in entering a default judgment in favor of the Bells on their claim for intentional infliction of emotional distress.

2. Blue View's remaining enumerations of error are rendered moot by our holding in Division 1.

### Case No. A09A0326

In light of our disposition in Case No. A09A0325, the Bells' cross-appeal is rendered moot. Accordingly, Case No. A09A0326 is hereby dismissed.

*Judgment reversed in Case No. A09A0325. Appeal dismissed in Case No. A09A0326. Phipps and Bernes, JJ., concur.*

DECIDED MAY 14, 2009
DENIED JUNE 5, 2009 AND JUNE 10, 2009

*Bondurant, Mixson & Elmore, Jill Pryor, H. Lamar Mixson, Parker, Hudson, Rainer & Dobbs, William J. Holley II, Rebeccah L. Bower*, for appellant.

*Gerber & Gerber, Sanford J. Gerber, Bernard M. Gerber, Robert S. Sichel, Esther Feuer Panitch*, for appellees.