**In re Mary Kay PULLEN, Debtor.**

**Mary Kay Pullen, Plaintiff,**

**v.**

**Gary C. Harris, Cain Harris, Defendants.**

**Bankruptcy No. 10–82188–MHM. Adversary No. 10–6355.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

April 1, 2011.

Ralph Goldberg, Goldberg & Cuvillier, P.C., Decatur, GA, for Plaintiff.

Gary C. Harris, Gary C. Harris PA, Clayton, GA, pro se.

**ORDER**

MARGARET H. MURPHY, Bankruptcy Judge.

Plaintiff's complaint relates to the attempted prepetition foreclosure by Defendants on Debtor's residence located at 330 Jade Cove Drive, Roswell, Georgia (the "Property"), which she owns jointly with her husband. Specifically, in Count 1, Plaintiff alleges Defendants failed to comply with the notice requirements contained in paragraph 19 of the deed to secure debt on the Property (the "Deed"); and in Count 2, Plaintiff alleges Defendants' communications with Plaintiff in connection with the threatened foreclosure violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

Defendants filed a *Motion to Dismiss* (Doc. No. 4) and an *Amended Motion to Dismiss* (Doc. No. 5) (collectively, the "Motion to Dismiss"). Defendants describe the Motion to Dismiss as "in the nature of a motion for summary judgment" because Defendants submit evidence, including affidavits and documents, in support of the motion. Plaintiff opposes the Motion to Dismiss and has filed its own *Motion for Partial Summary Judgment* (Doc. No. 39) (the "Motion for Summary Judgment"), which Defendants oppose.

Both motions address the same issues and are treated together in this order.

Defendant Cain Harris ("CH") holds the first mortgage on Debtor's residence. Defendant Gary Harris ("GH") is Cain Harris' father and attorney. The complaint alleges that prepetition, GH sent letters to Plaintiff threatening foreclosure due to Plaintiff's default in payments to CH and due to Plaintiff's failure to pay city and county *ad valorem* property taxes on the Property (the "Taxes"). Ultimately, GH's letters conceded that Plaintiff's mortgage payments were not delinquent, although Plaintiff owed unpaid late charges and had failed to pay the Taxes from 2006 to 2010.[1] All the letters from GH contained the following preface: "THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT, (sic) ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (The "Debt Collector Preface.")

Paragraph 4 of the Deed provides:

**Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

Paragraph 19 of the Deed provides:

**Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraphs 13 [Legislation Affecting Lender's Rights] and 17 [Transfer of the Property or a Beneficial Interest in Borrower] unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further

---

1. CH had apparently acquired the outstanding *fi. fa.*'s for the unpaid Taxes. The total unpaid Taxes for 2006–2010 are $19,977.34.

inform borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale granted by Borrower and any other remedies permitted by applicable law. Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 19, including, but not limited to, reasonable attorneys' fees and costs of title evidence. . . .

■■■ Defendants do not dispute that the notice described in paragraph 19 was not given to Plaintiff. Defendants assert that they proceeded under paragraph 4, because the issue was Plaintiff's failure to pay the Taxes. The plain meaning of paragraph 4, however, is that it is a covenant to pay the Taxes and describes the method by which Defendants could make demand upon Plaintiff to do so. Paragraph 4 does not authorize acceleration or exercise of the power of sale. Paragraph 19, other the other hand, does describe the notice required before acceleration and exercise of the power of sale upon the breach of any covenant, including the covenant described in paragraph 4. The provisions regarding the power of sale in a deed to secure debt are matters of contract and must be enforced as written. *Plainville Brick Co. v. Williams,* 170 Ga. 75, 152 S.E. 85 (1930); *Howard v. Citizens Bank of Cochran,* 351 B.R. 251 (Bankr.M.D.Ga. 2006) (J. Hershner). Therefore, Defendants' argument that they were permitted to proceed under paragraph 4 without the notice required in paragraph 19 is without merit.

In Count 1 of the Complaint, Plaintiff asserts that Defendants' failure to comply with paragraph 19 of the Deed constitutes an attempted wrongful foreclosure and seeks unspecified actual and punitive damages. In Count 2 of the Complaint, Plaintiff asserts that GH's conduct in connection with the attempted foreclosure violated the FDCPA. Plaintiff concedes that CH is not subject to the FDCPA or liable for damages under the FDCPA.

■■■ The threshold issue presented by Defendants in the Motion to Dismiss is whether Defendant is a "debt collector" within the meaning of the FDCPA. As an initial matter, Plaintiff asserts that GH's use of the Debt Collector Preface on his letters to Plaintiff estops GH from asserting he is not a debt collector subject to all the provisions of the FDCPA. Equitable estoppel requires a showing of a misleading representation on which the opposing party justifiably relied which would result in material harm if the actor is later permitted to assert a claim inconsistent with the prior representation. Plaintiff has offered no evidence to support a claim that she detrimentally relied upon the Debt Collector Preface. Therefore, this argument of Plaintiff's is without merit.

The FDCPA defines "debt collector" in 15 U.S.C. § 1692a(6):

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any credi-

tor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. *For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.* The term does not include—

(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

(C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;

(D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

(E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and

(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is inci-

dental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

(Emphasis added).

■ GH asserts that he is not regularly engaged in debt collection. By his affidavit, he shows that he occasionally engages in non-judicial foreclosure actions for clients. Plaintiff has presented evidence of letters from GH to other borrowers threatening foreclosure action but has presented no evidence of any other kinds of collection activities by GH. Persuasive case law holds that attorneys who regularly engage in enforcement of security interests, specifically non-judicial foreclosure attorneys, are subject only to the provisions of § 1692f(6). *Kaltenbach v. Richards,* 464 F.3d 524 (5th Cir.2006); *Chomilo v. Shapiro, Nordmeyer & Zielke, LLP,* 2007 WL 2695795 (D.Minn.2007); *Brown v. Morris,* 243 Fed.Appx. 31 (5th Cir.2007); *Fouché v. Shapiro & Massey LLP,* 575 F.Supp.2d 776 (S.D.Miss.2008).

■ Section 1692a(6) provides in significant part, "For the purpose of section 1692f(6) of this title, [debt collector] also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." The plain meaning of this clause is that it is unnecessary to show that enforcement of security interests is a significant part of the attorney's business. The clause refers to "any business." Therefore, GH is subject to § 1692f(6), which provides:

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

 (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

 (B) there is no present intention to take possession of the property; or

 (C) the property is exempt by law from such dispossession or disablement.

The failure to comply with paragraph 19 violates § 1692f(6)(A).

██ Additionally, the failure to comply with the notice requirements in paragraph 19 constitutes attempted wrongful foreclosure. The elements of wrongful foreclosure require a showing of a duty, a breach of that duty, causation and damages. *Calhoun First National Bank v. Dickens*, 264 Ga. 285, 443 S.E.2d 837 (1994). In *Dickens*, the court held that the failure to provide proper notice was a breach of the duty to fairly exercise the power of sale, but the court also noted that a plaintiff must also show a causal connection between the lack of notice and the alleged injury.

██ The issue of damages has not been fully briefed by the parties except for Defendants' assertion that Plaintiff is not entitled to damages for intentional infliction of emotional distress. Georgia case law suggests, however, that an award of intentional infliction of emotional distress may be supported by intentional wrongful foreclosure. *Blue View Corp. v. Bell*, 298 Ga. App. 277, 679 S.E.2d 739 (2009). Plaintiff's complaint alleges sufficient facts to support an award of such damages, including the allegation that Defendants sent letters threatening foreclosure even after Plaintiff's attorney had pointed out the requirements of paragraph 19.

██ GH also asserts that any technical violation of the FDCPA, *i.e.* the erroneous belief that he was not required to provide the notice described in paragraph 19 of the Deed, was excusable as a *bona fide* error. The *bona fide* error defense under the FDCPA is not available when the violation results from the debt collector's error of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*, — U.S. ——, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010). GH must maintain procedures reasonably adapted to avoid such errors. GH has offered no evidence of such procedures and has offered no evidence to suggest that he even read the Deed. Therefore, the *bona fide* error defense is not available to GH.

Defendants also assert Plaintiff has failed to join a necessary party, specifically, Plaintiff's husband, who jointly owns the Property. Fed. R. Civ. Proc. 19, incorporated in Bankruptcy Rule 7019, provides:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . .

 (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . .

 (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Although the damages that may be awarded under the FDCPA are awardable to each individual person injured, making joinder of Debtor's husband as to the FDCPA claim arguably unnecessary, the attempted wrongful foreclosure claim does appear to require joinder of the person

holding joint title to the Property. Therefore, as no impediment to his joinder appears to exist, Plaintiff should join Mr. Pullen as a plaintiff in this adversary proceeding.

 Finally, Defendants assert this adversary proceeding should be dismissed because Plaintiff's main bankruptcy case violates 11 U.S.C. § 109(g)(2), specifically, that a prior case in which Plaintiff was a joint debtor was voluntarily dismissed after a motion for relief from stay was filed. This issue was briefly discussed in the order entered in the main bankruptcy case August 3, 2010 (Doc. No. 10), denying Defendants' emergency motion for relief from the stay. The unusual circumstances in the prior case, together with the substantial equity in the Property, support a conclusion that Plaintiff's current case does not violate § 109(g)(2). *See HGP Capital LLC v. Bullock*, 2008 WL 7880894 (Bankr. N.D.Ga.2008) (J. Diehl).

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss Count 1 of the complaint is *denied.* Except as to the violation of 15 U.S.C. § 1692f(6), Defendants' Motion to Dismiss Count 2 of the complaint is granted. It is further

**ORDERED** that Plaintiff's motion for partial summary judgment is granted as to violation of § 1692f(6) and attempted wrongful foreclosure, reserving the issues relating to causation and damages for subsequent trial.

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Plaintiff's attorney, Defendant's attorney, and the Chapter 13 Trustee.

IT IS SO ORDERED.