**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**DOYLE, P. J., and MILLER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 14, 2014**

# In the Court of Appeals of Georgia

A14A0790. THOMPSON-EL v. BANK OF AMERICA, N.A. et al.

ELLINGTON, Presiding Judge.

Emma Thompson-El filed this action in the Superior Court of DeKalb County against Bank of America, N.A. ("BANA"), Federal National Mortgage Association ("Fannie Mae"), McCalla Raymer, LLC (McCalla), Century 21 Bryant Realty ("Bryant Realty"), and William Braswell, asserting claims for wrongful foreclosure and intentional infliction of emotional distress.[1] The defendants filed motions to dismiss the complaint for failure to state a claim upon which relief could be granted;

---

[1] Thompson-El's complaint also named as a defendant BAC Home Loans Servicing, LP. The record does not show that service was perfected on BAC Home Loans Servicing, LP, however, and the trial court's order does not extend to this defendant.

the trial court granted the motions and dismissed all of Thompson-El's claims against the defendants. Thompson-El appeals. For the reasons explained below, we affirm.

1. Thompson-El contends that the trial court erred in considering evidence extrinsic to the pleadings in ruling on the motions to dismiss for failure to state a claim.

"In ruling on a motion to dismiss, the trial court must accept as true all well-pled material allegations in the complaint and must resolve any doubts in favor of the plaintiff." (Citations and punctuation omitted.) *Roberson v. Northrup*, 302 Ga. App. 405 (691 SE2d 547) (2010).

> If, on motion to dismiss for failure to state a claim, the trial court elects to consider matters outside of the pleadings, the motion shall be treated as one for summary judgment and disposed of as provided in [OCGA §] 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by that code section. OCGA § 9-11-12 (b). . . . [W]hen a trial court opts to convert a motion to dismiss for failure to state a claim into one for summary judgment, the party opposing the motion may, if he so desires, have 30 days' notice in which to prepare evidence in opposition. . . . However, the 30 day notice [can] of course be waived if it [is] not desired.

(Citations and punctuation omitted.) *Cox Enterprises, Inc. v. Nix*, 273 Ga. 152, 153 (538 SE2d 449) (2000).

2

In responding to the motions to dismiss, Thompson-El did not object to the defendants' reliance upon evidence, but instead submitted affidavits from her own witnesses. In addition, she argues on appeal that the trial court failed to give due regard to her evidence.

> Thus, [she] acquiesced in [the defendants'] submission of evidence in support of their motion[s] to dismiss and also, in effect, requested that the motion[s] be converted into [motions] for summary judgment. . . . Where, as here, both parties submit evidence in connection with a motion to dismiss for failure to state a claim, there is no indication of prejudice due to the trial court's failure to give notice of the actual nature of the pending action.

Id. at 154.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c).

> Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant of a motion for summary judgment, we must view the evidence, and all

3

reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

(Citations and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010).

2. Thompson-El contends that there is a dispute of fact regarding whether she received advance notice of the foreclosure by certified mail as required by law. Specifically, she contends that, because the record does not contain a certified mail return receipt showing delivery to her, none of the defendants provided "[i]ndisputable proof" of statutory notice.

"In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." (Citations and punctuation omitted.) *Racette v. Bank of America*, 318 Ga. App. 171, 174 (1) (733 SE2d 457) (2012). A lender owes a borrower a duty to exercise a power of sale in a security deed fairly, which includes complying with statutory and contractual notice requirements. Id. at 174-175 (1) (a); OCGA §§ 23-2-114; 44-14-162.2 (a); Frank S. Alexander, Ga. Real Estate Finance and Foreclosure Law, § 8:11 (updated September 2013). OCGA § 44-14-162.2 (a) provides, in pertinent part, that

4

[n]otice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

In her complaint, Thompson-El alleged that she purchased a home in 2000 and that she granted BANA a deed to secure debt to secure the corresponding promissory note. She alleged that she defaulted in 2009 and that BANA foreclosed on the property on October 5, 2010, without providing notice by certified mail as required by OCGA § 44-14-162.2. The defendants submitted evidence, however, that BANA's attorney mailed written notice of the initiation of foreclosure proceedings on September 1, 2010, by certified mail, return receipt requested, and by regular mail to the property address and to Thompson-El's post office box. Although there is no evidence that Thompson-El received any of the notices, where "the grantee in a security deed mails a notification of the sale under power correctly addressed to the grantor of the security deed in accordance with the provisions of OCGA §

5

44-14-162.2, the actual receipt, or want of receipt, by the grantor is immaterial to the right of the grantee to sale under power." (Citation omitted.) *Parks v. Bank of New York*, 279 Ga. 418, 420 (614 SE2d 63) (2005). Here, the evidence that statutory notice was sent is undisputed. Accordingly, the trial court did not err in granting summary judgment on this basis in favor of BANA. Id.

Similarly, as to McCalla, Thompson-El cannot prevail on her claim for wrongful foreclosure because there is no evidence that the firm failed to follow statutory foreclosure procedures in representing BANA in the foreclosure. *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 130-132 (1) (543 SE2d 755) (2000); see also *McCalla, Raymer &c. v. C. I. T. Financial Svcs.*, 235 Ga. App. 95, 96 (508 SE2d 471) (1998) (law firm was not a proper party to a claim for wrongful foreclosure where plaintiff alleged only that the firm acted as counsel in the foreclosure). See Division 3, infra. Finally, as to the remaining defendants, Fannie Mae, Bryant Realty, and Braswell, a claim for wrongful foreclosure will not lie because, in the framework of Thompson-El's complaint, none of them acted as a secured lender or was otherwise

involved in foreclosing on her property.[2] See *Racette v. Bank of America*, 318 Ga. App. at 174-175 (1) (a).

Accordingly, the trial court did not err in granting summary judgment to the defendants' motions to dismiss.

3. Thompson-El contends that the trial court erred in dismissing her claim for intentional infliction of emotional distress.

> Georgia has long recognized a cause of action for intentional infliction of emotional distress. However, the burden which the plaintiff must meet in order to prevail in this cause of action is a stringent one. To prevail, a plaintiff must demonstrate that: (1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. The defendant's conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law.

---

[2] Fannie Mae allegedly acquired the property as a result of, or after, foreclosure by BANA and later caused Thompson-El to be evicted, and Bryant Realty and Braswell represented Fannie Mae in marketing the property for sale after foreclosure by BANA.

(Citation and punctuation omitted.) *Blue View Corp. v. Bell*, 298 Ga. App. 277, 279 (1) (679 SE2d 739) (2009).

In her complaint, Thompson-El alleged that the defendants failed to reverse the foreclosure after she complained that it had taken place without her knowledge, inundated her with court filings, used judicial proceedings to evict her, listed the property for sale and placed a "For Sale" sign in the yard, terminated her Georgia Power account, changed the locks, and obtained a warrant for her arrest for criminal trespass when she would not vacate the property. Taking the allegations of the complaint as true, the facts establish only that the defendants initiated foreclosure proceedings a year after Thompson-El entered default and then, after foreclosure, treated her as the owner of real property (or its agent) may treat a squatter on its property.[3] The trial court did not err in concluding that Thompson-El's complaint failed to allege any acts by the defendants that were extreme and outrageous or that her emotional distress was so severe that no reasonable person could be expected to endure it. *Racette v. Bank of America*, 318 Ga. App. at 179-180 (3) (1); *Blue View Corp. v. Bell*, 298 Ga. App. at 279 -280 (1); *Frank v. Fleet Finance*, 238 Ga. App.

---

[3] See, generally, Therese K. Fitzgerald, 3 Ga. Juris. Property, § 30:11 (updated April 2014).

8

316, 318 (518 SE2d 717) (1999). Therefore, within the framework of Thompson-El's complaint, there is no claim for intentional infliction of emotional distress that would allow her to recover.

*Judgment affirmed. Doyle, P. J., and Miller, J., concur.*