**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 27, 2015**

# In the Court of Appeals of Georgia

A14A2047. STEWART v. SUNTRUST MORTGAGE, INC.

BRANCH, Judge.

Following foreclosure on his residential property, Adrian Stewart brought suit against Suntrust Mortgage, Inc. and later amended his verified complaint, asserting claims of fraudulent misrepresentation, intentional wrongful foreclosure, breach of contract, breach of the duty of good faith and fair dealing, and violation of the Fair Business Practices Act; Stewart sought damages, punitive damages, attorney fees and injunctive relief. Suntrust filed a verified answer and defenses and later moved to dismiss the amended complaint for failure to state a claim upon which relief could be granted. The trial court granted Suntrust's motion, noting that Stewart submitted no evidence to rebut that he never cured the default under the mortgage, and Stewart appeals. For the following reasons, we reverse the dismissal of Stewart's claims for

fraud, wrongful foreclosure, breach of contract, breach of the duty of good faith and fair dealing, and related ancillary claims; we affirm the dismissal of his claims for a violation of the Fair Business Practices Act and for injunctive relief.

We review de novo a trial court's determination that a pleading fails to state a claim upon which relief can be granted, "constru[ing] the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor." *Center for a Sustainable Coast v. Ga. Dept. of Natural Resources*, 319 Ga. App. 205-206 (734 SE2d 206) (2012) (citation omitted). See also *Gold Creek SL v. City of Dawsonville*, 290 Ga. App. 807, 809 (1) (660 SE2d 858) (2008) (pleadings to be construed include exhibits attached to and incorporated into complaint and answer).

So construed, the pleadings show that in January 2008, Stewart signed a promissory note in favor of Suntrust and a security deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Suntrust in exchange for a loan from the bank. In August 2012, with the mortgage past due, Suntrust offered "home preservation assistance" to Stewart to avoid foreclosure on the property. Stewart had used these services to obtain a loan modification to prevent foreclosure one year earlier. In the August 2012 negotiations, Suntrust told Stewart that he should work only with the bank and that while his application for home preservation assistance

2

was pending, any foreclosure sale would be postponed. Suntrust asked Stewart to complete a "borrower response package" to apply for the assistance, and Stewart did so on September 6. Suntrust told Stewart that within 30 days of receipt of the package, it would tell him what home preservation options were available and instruct him on the next steps.

During September, October and the beginning of November, however, Suntrust informed Stewart several times that his documentation was incomplete and required him to send the same documents repeatedly. Meanwhile, on October 6, Suntrust placed a foreclosure sale notice in the newspaper showing a sale date of November 6. On the day of the scheduled foreclosure, Suntrust told Stewart that no final decision had been made on his application for home preservation assistance but that it was too late to stop the foreclosure, which occurred that day. Suntrust thereafter successfully pursued a dispossessory action against Stewart; a final order was entered on July 31, 2013. His appeal of the dispossessory judgment has been denied.

A motion to dismiss for failure to state a claim

> should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce

3

evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

*Stendahl v. Cobb County*, 284 Ga. 525, 525 (1) (668 SE2d 723) (2008) (citation and punctuation omitted). See also *Austin v. Clark*, 294 Ga. 773, 775 (755 SE2d 796) (2014) (such a motion "should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim") (citation and punctuation omitted). Also, a plaintiff need not set forth all elements of a cause of action in order to state a claim. *Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750, 752 (2) (751 SE2d 545) (2013).

1. Stewart contends the trial court erred by dismissing its claim for fraud. "The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223) (1989).

In his complaint, Stewart alleges that Suntrust made knowingly false statements when it told him that his application documentation was incomplete, that it would inform him of his options after receiving the application, and that foreclosure would

be postponed while his application was pending.[1] He contends that Suntrust intended to induce Stewart from taking other steps to preserve the property, while Suntrust simultaneously commenced foreclosure proceedings without notice to Stewart. Stewart contends that he justifiably relied upon these representations by refraining from taking other such steps to protect his property and that he was damaged as a result in that he lost his house to foreclosure. Given these allegations regarding each element of fraud, we conclude that the trial court erred by dismissing Stewart's claim of fraud. See, e.g., *TechBios, Inc. v. Champagne*, 301 Ga. App. 592, 594 (1) (a) (688 SE2d 378) (2009) (court erred by dismissing fraud claim where plaintiff alleged that defendants knowingly and falsely represented that they would present business opportunities to plaintiff but instead sought the benefit for themselves).[2]

---

[1] Suntrust contends Stewart failed to allege that Suntrust made false representations that it knew were false at the time they were made. First, the allegations of the complaint sufficiently state that Suntrust knowingly made false statements to preclude a dismissal. Second, as already explained, a plaintiff need not set forth all elements of a cause of action in order to state a claim. *Babalola*, 324 Ga. App. at 752 (2).

[2] Even if a complaint fails to set forth a claim for fraud with sufficient particularity, see OCGA § 9-11-9 (b), as Suntrust asserted below, the proper remedy for this insufficiency "is a more definite statement, not a dismissal of the complaint or judgment on the pleadings, at least so long as the plaintiff is able and willing to amend his pleadings to conform to the statutory requirements." *Bush v. Bank of New York Mellon*, 313 Ga. App. 84, 90 (720 SE2d 370) (2011) (citations omitted); see, e.g., *Babalola*, 324 Ga. App. at 754 (2) (c).

2. Stewart contends the trial court erred by dismissing his claim for wrongful foreclosure. The elements of a claim of wrongful foreclosure are "a legal duty[3] owed to [the plaintiff] by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury [the plaintiff] sustained, and damages." *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371 (1) (601 SE2d 842) (2004) (footnote omitted). See also *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285-286 (1) (443 SE2d 837) (1994) ("Where a grantee does not comply with the statutory duty to exercise fairly the power of sale in a deed to secure debt . . . the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure.) (citations omitted).

Stewart alleges that Suntrust breached contractual duties found in Paragraphs 10 and 18 of the security agreement. Paragraph 18 provides the procedures for foreclosure, including that the borrower appoints the lender to be his agent and attorney-in-fact to exercise the power of sale. "The relationship of principal and agent, being confidential and fiduciary in character, demands of the agent the utmost

---

[3] Black's defines "legal duty" as "[a] duty arising by contract or by operation of law." Black's Law Dictionary (9th ed. 2009); see also *Reid v. Saul*, 146 Ga. App. 264 (246 SE2d 121) (1978) (same).

loyalty and good faith to his principal." *Harrison v. Harrison*, 214 Ga. 393, 394 (1) (105 SE2d 214) (1958) (citation and punctuation omitted); *Wright v. Apt. Inv. & Mgmt. Co.*, 315 Ga. App. 587, 592 (2) (a) (726 SE2d 779) (2012) (same); OCGA § 23-2-58 (same). In the complaint, Stewart alleged that Suntrust breached paragraph 18 of the security agreement by failing to conduct the foreclosure of the property "fairly," which, together with the remainder of the complaint, can be construed as conducting the foreclosure while falsely representing that the foreclosure would be postponed pending his application for reinstatement; these allegations, at a minimum, suggest a breach of the agent's duties under the security deed. Stewart further alleges reliance and damages. Thus, pretermitting whether Suntrust breached any duties under Paragraph 10 of the security agreement, Stewart has stated a claim of wrongful foreclosure based on a breach of a legal duty in Paragraph 18. Cf. *Bassett v. Jasper Banking Co.*, 278 Ga. App. 698, 702 (2) (629 SE2d 434) (2006) (claim of wrongful foreclosure survived summary judgment because it was dependent on fraud claim based on similar allegations for which an issue of fact was raised). Accordingly, the trial court erred by dismissing Stewart's claim for wrongful foreclosure.

Suntrust argues that even if it made the representations as alleged by Stewart, they are unenforceable because agreements to modify a security deed are

7

unenforceable under the Statute of Frauds. But Stewart does not allege that Suntrust agreed to modify the terms of the security agreement. As shown, Stewart alleges that Suntrust breached a legal duty under that agreement.

3. Stewart contends the trial court erred by dismissing its claim for breach of contract. Under Georgia law, "a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies." *Babalola*, 324 Ga. App. at 754 (2) (b) (citation and punctuation omitted). As shown, Stewart has alleged a breach of Paragraph 18, which is supported by the text of that paragraph and Stewart's allegations cited above in the context of the fraud and wrongful foreclosure claims. Thus, "[Stewart's] complaint, coupled with the attachment of the Security Deed as an exhibit thereto, was sufficient for purposes of the Civil Practice Act to put [Suntrust] on notice of the breach-of-contract claim being asserted against it." *Racette v. Bank of America, N.A.*, 318 Ga. App. 171, 180 (4) (733 SE2d 457) (2012) (citation omitted). Suntrust argues that because Stewart had not paid in full at the time that Suntrust sought foreclosure, Stewart is precluded from suing Suntrust for failing to perform its contractual obligations related to reinstatement and foreclosure. This argument is without merit because Stewart's obligation to make payments was not a precondition to Suntrust's obligations of

8

reinstatement and foreclosure, which, obviously, are triggered by a failure to pay. See generally OCGA § 13-5-8 ("A condition, precedent or subsequent, not complied with, insufficiency or failure of consideration, or any act of the opposite party, by which the obligation of the contract has ceased, may be pleaded as a defense."); *Nutting v. Wilson*, 75 Ga. App. 148, 152 (42 SE2d 575) (1947) (plaintiff's right to recover on a contract may depend upon a condition precedent to be performed by him). In sum, the trial court therefore erred by dismissing this claim.

4. Stewart contends the trial court erred by dismissing its claim for breach of duty of good faith and fair dealing. A duty of good faith and fair dealing is implied in all contracts. OCGA § 11-1-203; *West v. Koufman*, 259 Ga. 505, 506 (384 SE2d 664) (1989). A breach of that duty may arise where a party to a contract acts arbitrarily or capriciously in executing its contractual duties. See *Hunting Aircraft v. Peachtree City Airport Auth.*, 281 Ga. App. 450, 452 (1) (636 SE2d 139) (2006). Thus, for the same reasons discussed in Division 3, the trial court erred in dismissing the claim for breach of the duty of good faith and fair dealing. *Racette*, 318 Ga. App. at 181 (5).

5. Stewart contends the trial court erred by dismissing its claim for violation of Georgia's Fair Business Practices Act (FBPA), which prohibits "[u]nfair or

deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." OCGA § 10-1-393 (a). But the FBPA exempts "[a]ctions or transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States." OCGA § 10-1-396 (1). Thus, where the action or transaction at issue is authorized or regulated by a state or federal regulatory agency, the FBPA does not apply. Cf. *Chancellor v. Gateway Lincoln Mercury*, 233 Ga. App. 38, 45 (2) (502 SE2d 799) (1998) (because finance charges, disclosure, and truth in lending are regulated by the federal Truth In Lending Act and other federal regulations, the plaintiff's claim that an auto dealer violated the Uniform Deceptive Trade Practices Act (UDTPA), by offering a discount to a finance company when selling buyer's retail installment contract, was not covered by the UDTPA, which did not apply to "[c]onduct in compliance with the orders or rules of or a statute administered by a federal, state, or local government agency."; also finding that "the exemption provision in the UDTPA is similar to the exemption provision in the FBPA").

Although we have found no similar Georgia cases, Federal courts applying *Chancellor* have held that because mortgage transactions are regulated by state and federal law, FBPA claims that allege injury based on mortgage transactions should

10

be dismissed, either because the entire area of mortgage transactions are regulated or because the specific transactions at issue in the case are so regulated.[4] Stewart's FBPA claim fails under either rule because the Georgia Residential Mortgage Act, OCGA § 7-1-1000 et seq. (GRMA),[5] prohibits any person transacting a mortgage business from, among other things, "pursu[ing] a course of misrepresentation by use of fraudulent or unauthorized documents or other means to . . . anyone." OCGA § 7-1-1013 (1). Because the mortgage industry is regulated and because the specific conduct at issue here is regulated by the GRMA, Stewart's FBPA claim fails.

---

[4] See *Jenkins v. BAC Home Loan Servicing, LP*, 822 FSupp.2d 1369, 1376 (M.D. Ga. 2011) (because the area of mortgage transactions is regulated by state and federal law, the FBPA does not apply to residential mortgage transactions); *Austin v. Bank of America*, 2012 WL 928732, (II) (N.D. Ga. 2012) (same, including conduct occurring in attempting a non-judicial foreclosure); compare *Reese v. Wachovia Bank*, 2009 U. S. Dist. Lexis 94802, at *5 (N.D. Ga. 2009) (because the "specific conduct alleged in this case" is regulated by the Board of Governors of the Federal Reserve, the FBPA does not apply to the plaintiff's claims) (citation omitted); *Kitchen v. Ameriquest Mtg. Co.*, 2005 U. S. Dist. Lexis 43937, at *22 (N.D. Ga 2005) (relevant inquiry is "whether there is sufficient state or federal regulation of the defendant's alleged conduct") (citation and punctuation omitted).

[5] See OCGA § 7-1-1003.2 (e) (referring to the act as the "Georgia Residential Mortgage Act").

6. Stewart's claim that the trial court erred by dismissing his claim for injunctive relief is also without merit. Stewart's complaint reveals that the debt was in default at the time of the foreclosure.

> 'He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject matter of the suit.' [OCGA § 23-1-10]. Under application of this maxim, before the complainant would be entitled to equitable relief, she must do equity and tender the amount due under the security deed and note.

*Berry v. Govt. Nat. Mtg. Assoc.*, 231 Ga. 503 (202 SE2d 450) (1973) (citation and punctuation omitted) (affirming dismissal of borrower's suit to cancel and set aside foreclosure given that plaintiff had not tendered past due payments); see also *Smith v. Citizens & Southern Finance Corp.*, 245 Ga. 850, 852 (1) (268 SE2d 157) (1980) ("Appellants have made no tender of the indebtedness secured by the deed to secure debt and thus are not entitled to set aside the sale under power.") (citations omitted). Accordingly the trial court correctly dismissed this claim.

7. Because we have reversed the dismissal of four of Stewart's substantive claims, including the intentional tort of fraud, we also reverse the dismissal of his claims for punitive damages, attorney fees and costs. *Racette*, 318 Ga. App. at 181 (6).

8. Stewart's argument that the trial court erred by giving res judicata effect to the ruling in the dispossessory case is without merit and mooted by the remainder of this opinion. Nothing in the trial court's order indicates that it held that Stewart's claims were barred by res judicata.

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Boggs, J., concur.*