**FIRST DIVISION
PHIPPS, C. J.,
ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**May 15, 2015**

# In the Court of Appeals of Georgia

A14A2159. RAYMONA JAMES v. BANK OF AMERICA, N. A. et al.

ELLINGTON, Presiding Judge.

Raymona James filed this action in the Superior Court of Cobb County against Bank of America, N. A. ("BANA") and Federal National Mortgage Corporation ("Fannie Mae"), asserting claims for, among other things, wrongful foreclosure, breach of contract, intentional infliction of emotional distress, and violation of the Fair Business Practices Act. After discovery and an unsuccessful mediation, BANA and Fannie Mae filed a joint motion to dismiss the complaint for failure to state a claim upon which relief could be granted. James filed a motion for contempt against Fannie Mae for its conduct during mediation. The trial court granted BANA and Fannie Mae's motion and dismissed James's claims, and denied James's motion for

contempt. For the reasons that follow, we reverse the trial court's ruling as to James's claims for wrongful foreclosure and breach of contract, but we affirm in all other respects.

On appeal, BANA's and Fannie Mae's motion to dismiss will be treated as a motion for judgment on the pleadings, because it was filed after the pleadings were closed and was predicated on the complaint and the documents incorporated therein. See OCGA § 9-11-12 (c); *Haldi v. Piedmont Nephrology Assoc.*, P.C., 283 Ga. App. 321, 321-22 (641 SE2d 298) (2007). We construe the complaint and all reasonable inferences in favor of James, and conduct a de novo review of the trial court's ruling. See *McCobb v. Clayton Cnty.*, 309 Ga. App. 217 (710 SE2d 207) (2011). The motion "should not be granted unless the averments in the complaint disclose with certainty that [James] would not be entitled to relief under any state of facts which could be proved in support of [her] claim." (Citation and punctuation omitted.) Id.

So construed, the record shows that in March 2012, James filed the instant complaint against BANA and Fannie Mae stemming from the foreclosure of certain real property (the "Property") that secured a promissory note executed by James. The non-judicial foreclosure sale was conducted pursuant to a power of sale contained in

Paragraph 22 of the security deed executed by James. That provision required that, prior to a foreclosure, James be provided notice specifying:

> (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to [her], by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by [the security deed] and sale of the Property.

James alleged in her complaint, among other things, that she was not provided notice prior to the conduct of the foreclosure sale.[1] This alleged lack of notice, at least in part, forms the basis of her claims for wrongful foreclosure, breach of contract, intentional infliction of emotional distress, and violation of the Fair Business Practices Act.[2]

---

[1] To the extent that James's brief raises alternative bases for her claims that are not contained in the complaint, they will not be considered.

[2] In her complaint, James also included a claim to quiet title and sought declarative and injunctive relief based upon what she alleged to be an invalid assignment of the security deed. The trial court rejected her argument and held that the assignment was valid, and her brief contains vague assertions that the trial court erred in doing so. Her assertions are not supported by argument or legal authority, however, and will therefore not be considered. See Court of Appeals Rule 23 (c) (2); *Cuyler v. Capital One Bank (USA), N.A.*, 304 Ga. App. 687, 689 (4) (698 SE2d 14) (2010).

The parties attended a mediation but failed to resolve the dispute. Following the mediation, James filed a motion for contempt, asserting that Fannie Mae violated the local court rules by failing to send a representative to the proceeding with the authority to settle the lawsuit.

BANA and Fannie Mae also filed a motion, contending that James failed to state a claim upon which relief could be granted in that she alleged only that she had not received notice, but failed to properly assert that notice had not been sent. The trial court accepted this argument and dismissed James's complaint after concluding that "[her] contention that she did not receive any notice does not equate to a properly supported allegation that BANA did not mail notice to her." This appeal follows.

1. James contends that the trial court erred in granting judgment on the pleadings as to her claim for wrongful foreclosure. Georgia law requires that "[p]owers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised." OCGA § 23-2-114. This includes a mandate that "[n]otice of the initiation of proceedings to exercise a power of sale . . . be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure." OCGA § 44-14-162.2 (a). And "[when] a foreclosing creditor fails to comply with the statutory duty to provide notice of sale to the debtor in

4

accordance with OCGA § 44-14-162.2 *et seq*., the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure." *Roylston v. Bank of Am., N.A.*, 290 Ga. App. 556, 559 (1) (b) (660 SE2d 412) (2008); accord *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285, 285-86 (1) (443 SE2d 837) (1994).

BANA and Fannie Mae continue to assert on appeal that James alleged only that she failed to receive notice of the foreclosure. But this argument is belied by the record. In the complaint, James specifically pled that BANA foreclosed on the Property "without having sent proper notice to [her] as required by OCGA § 44-14-162.2 or indeed any notice at all." Further, James repeats in numerous places throughout the complaint that BANA failed to "send" or to "provide" her with the requisite notice of the foreclosure proceedings. These allegations are sufficient to set forth a claim for wrongful foreclosure, and the trial court erred in dismissing that claim.[3] See *Babalola v. HSBC Bank*, USA, N.A., 324 Ga. App. 750, 753 (2) (a) (751 SE2d 545) (2013) (holding that debtor's allegation that mortgage holder failed to provide him with the statutorily required notice of foreclosure was sufficient to state a claim for wrongful foreclosure); see also *Roylston*, 290 Ga. App. at 559 (1) (b)

---

[3] Contrary to the trial court's holding, the boilerplate language contained in the deed under power which states that the requisite notices were sent in compliance with Georgia law is not conclusive evidence of that fact.

(reversing grant of summary judgment to foreclosing creditor based on evidence that it failed to afford debtor the statutory notice provided by OCGA § 44-14-162.2 (a)).

2. James further argues that the trial court erred in granting judgment on the pleadings as to her claim for breach of contract. Under Georgia law, "a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies." *Stewart v. Suntrust Mortgage, Inc.*, ___ Ga. App. ___, *3 (3) (Case No. A14A2047, March 27, 2015). Further, "[a] lender owes a borrower a duty to exercise a power of sale in a security deed fairly, which includes complying with statutory and contractual notice requirements." *Thompson-El v. Bank of Am., N.A.*, 327 Ga. App. 309, 310-11 (2) (759 SE2d 49) (2014).

In her complaint, James asserts that BANA breached the terms of the security deed by failing to provide proper notice of default and her right to cure as mandated by Paragraph 22 of that deed. These allegations are sufficient to support a breach of contract claim, and the trial court erred in dismissing it. See *Babalola*, 324 Ga. App. at 755 (2) (b) (holding that complaint alleging that creditors failed to comply with the notice provisions contained in the security deed stated a claim for breach of contract); see also *Stewart*, ___ Ga. App. at *3 (3) (same).

6

3. James contends that the trial court erred in granting judgment on the pleadings as to her claim for intentional infliction of emotional distress.

> Georgia has long recognized a cause of action for intentional infliction of emotional distress. However, the burden which the plaintiff must meet in order to prevail in this cause of action is a stringent one. To prevail, a plaintiff must demonstrate that: (1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. The defendant's conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law.

*Thompson-El*, 327 Ga. App. at 312 (3) (punctuation omitted).

In her complaint, James sets forth no additional facts in support of her intentional infliction of emotional distress claim beyond those asserted above, namely BANA's failure to provide her with proper notice of the foreclosure. The trial court did not err in concluding that she "failed to allege any acts by [BANA] that were extreme and outrageous or that [her] emotional distress was so severe that no reasonable person could be expected to endure it." *Thompson-El* , 327 Ga. App. at

7

313 (3). Consequently, the grant of judgment on the pleadings as to this claim was proper. See *id.* (affirming dismissal of plaintiff's claim for intentional infliction of emotional distress based upon bank's foreclosure, allegedly without her knowledge, and subsequent attempts to remove her from the property); *Racette v. Bank of Am., N.A.*, 318 Ga. App. 171, 179 (3) (733 SE2d 457) (2012) (holding that appellant's allegation that creditor conducted foreclosure sale despite knowing of inaccuracies in the published foreclosure advertisements "cannot be described as extreme, outrageous, atrocious, intolerable or beyond the bounds of decency") (punctuation omitted). Compare *DeGolyer v. Green Tree Servicing, LLC*, 291 Ga. App. 444, 449-50 (4) (662 SE2d 141) (2008) (reversing trial court's directed verdict on plaintiff's claim for intentional infliction of emotional distress when evidence showed that creditor foreclosed on the wrong property despite having received notice of that fact).

4. James asserts that the trial court erred in granting judgment on the pleadings as to her claim for a violation of Georgia's Fair Business Practices Act ("FBPA"), again based upon the same lack of notice allegations. The FBPA prohibits "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." OCGA § 10-1-393 (a). Exempted from its

8

scope, however, are "[a]ctions or transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States." OCGA § 10-1-396 (1). And because residential mortgage transactions are regulated by both state and federal law, the FBPA does not apply. See *Stewart*, __ Ga. App. at *4 (5); *Chancellor v. Gateway Lincoln-Mercury, Inc.*, 233 Ga. App. 38, 45 (2) (502 SE2d 799) (1998) ("The General Assembly intended that the Georgia FBPA have a restricted application only to the unregulated consumer marketplace and that FBPA not apply in regulated areas of activity . . ."); see also *Zinn v. GMAC Mortg*, No. 1:05 CV 01747 MHS, 2006 WL 418437, at *4 (N.D. Ga. Feb. 21, 2006) ("[T]he GFBPA does not apply to residential mortgage transactions."). It follows that the trial court did not err in granting judgment on this claim.

5. Finally, James argues that the trial court erred in denying her motion for contempt, in which she alleged that Fannie Mae failed to participate in the mediation in good faith by refusing to sent a representative with the authority to settle the case in violation of the local mediation rules. The trial court held as a factual matter, however, that the representative sent to the mediation on behalf of both BANA and Fannie Mae possessed full knowledge of the facts and dispute at issue, and possessed full authority to settle the case on behalf of both defendants without further

9

consultation. This holding is supported by a sworn affidavit by the representative in attendance.

We will affirm a trial court's order granting or denying a motion for civil contempt if there is any evidence to support the ruling. See *Harrison v. CGU Ins. Co.*, 269 Ga. App. 549, 554 (604 SE2d 615) (2004). The trial court's denial of James's motion is fully supported by the record and we will not disturb it.

In summary, we reverse the trial court's grant of judgment on the pleadings as to James's claims of wrongful foreclosure and breach of contract, but we affirm the judgment in all other respects.

*Judgment affirmed in part and reversed in part. Phipps, C. J., concurs. McMillian, J., concurs in the judgment only*.