**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
http://www.gaappeals.us/rules

**June 27, 2017**

# In the Court of Appeals of Georgia

A17A0138.  ROBERTS  v.  JP  MORGAN  CHASE  BANK, NATIONAL ASSOCIATION et al.

RICKMAN, Judge.

Homeowner, James Roberts filed a complaint against JP Morgan Chase Bank, National Association ("Chase"), and Associated Credit Union ("ACU"), alleging claims for breach of contract, emotional distress, fraud, negligent misrepresentation, punitive damages, and attorney fees. The trial court, in two separate orders, granted separate motions to dismiss filed by Chase and ACU, on the ground that the complaint failed to state a claim upon which relief can be granted. Roberts appeals. For the reasons that follow, we affirm the trial court's rulings as to the claim for emotional distress; we reverse the rulings as to the claims for breach of contract, fraud, negligent misrepresentation, and attorney fees; we affirm in part and reverse

in part as to the claim for punitive damages; and we remand this case with direction and for further proceedings not inconsistent with this opinion.

"We review de novo the dismissal of a complaint for failure to state a claim." (Citation omitted.) *Benedict v. State Farm Bank, FSB*, 309 Ga. App. 133, 134 (1) (709 SE2d 314) (2011). This Court will "accept as true all well-pled material allegations in the complaint and . . . resolve any doubts in favor of [Roberts]." (Citations, punctuation, and footnotes omitted.) *Roberson v. Northrup*, 302 Ga. App. 405 (691 SE2d 547) (2010).[1] And in this appeal, because there is no indication that the trial court converted the motions to dismiss into motions for summary judgment, we consider documents attached only to the complaint and answers, and not any additional document attached to Roberts' pleadings opposing the motions to dismiss.[2]

---

[1] See *McConnell v. Dept. of Labor*, 337 Ga. App. 457 (787 SE2d 794) (2016) ("In ruling on a motion to dismiss, the trial court must accept as true all well-pled material allegations in the complaint and must resolve any doubts in favor of the plaintiff. As an appellate court, we review de novo a trial court's determination that a pleading fails to state a claim upon which relief can be granted, construing the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor.") (citation and punctuation omitted).

[2] Chase and ACU each filed separate motions to dismiss on the ground of OCGA § 9-11-12 (b) (6), failure to state a claim upon which relief can be granted. There were no documents attached to either motion. But Roberts filed responses to each separate motion, and attached thereto various documents.

*See Babalola v. HSBC Bank, USA*, 324 Ga. App. 750, 751, n. 4 (751 SE2d 545) (2013).

The complaint, answers, and the exhibits attached thereto show the following.[3] In June 2009, Roberts obtained a loan from Chase in the amount of $265,255, to refinance a prior loan secured by Roberts' home property. The June 2009 loan (hereinafter "the Chase Loan" or "mortgage loan") is secured by a security deed executed by Roberts in favor of Chase and filed on July 9, 2009. The security deed provides that Roberts and Chase did "covenant and agree" to the provisions set forth in 26 paragraphs of the security deed. Paragraph 19 of the security deed, entitled "Borrower's Right to Reinstate After Acceleration," provides the mechanism for reinstatement, which includes curing the default of any covenant or agreement under the deed or note. Paragraph 19 further provides that "Upon reinstatement by

---

[3] Copies of the following documents were attached to the complaint as exhibits: a security deed executed in favor of Chase; a deed to secure debt executed in favor of ACU; a facsimile transmittal cover letter to Roberts, advising of a pending foreclosure sale and that payment of "[r]einstatement funds" would stop the sale; a document entitled "Reinstatement Quote," and providing the date the "[r]einstatment amount" quoted therein is "[g]ood through"; a document entitled "Reinstatement Agreement"; and a cashier's check in the reinstatement amount. Chase attached to its answer, a copy of a cancellation of deed to secure debt, executed by Chase. ACU attached to its answer, a copy of a home equity line of credit note, and a document reflecting the principal balance on the HELOC note and amounts past due on the note.

Borrower, this Security Instrument and obligation secured hereby shall remain fully effective as if no acceleration had occurred."

In October 2009, Roberts entered into a home equity line of credit agreement with ACU, in the amount of $100,000. The October 2009 loan (hereinafter "the HELOC Loan") is secured by a "Deed to Secure Debt" executed by Roberts in favor of ACU and filed on October 8, 2009. Paragraph 5 of the deed to secure debt pertinently provides:

> If Borrower fails to perform the covenants and agreements contained in this Deed, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, . . . then Lender at Lender's option, upon notice to Borrower, may . . . disburse such sums and take such action as is necessary to protect Lender's interest, including, but not limited to, disbursement of reasonable attorney's fees . . . . Any amounts disbursed by Lender pursuant to this paragraph 5, with interest thereon, shall become additional indebtedness of Borrower secured by this Deed.

In 2013, Roberts fell behind on both his mortgage loan and the HELOC Loan. Chase began foreclosure proceedings; Chase also notified Roberts of the amount due in order to stop the foreclosure sale and reinstate his mortgage loan, and of the time period within which to pay the reinstatement amount.

Three days before the expiration of the reinstatement period, Roberts paid the requisite amount to stop foreclosure and reinstate the Chase Loan, i.e., his mortgage loan with Chase, and on that same day he executed a document entitled "Reinstatement Agreement." The reinstatement agreement listed Chase as the "Lender" and Roberts as the "Borrower," and provided that henceforth "strict and complete compliance with the terms of the Note and Security Deed in effect immediately prior to Borrower's default . . . including prompt payment of each monthly installment when due" would be required. A representative from a company employed by Chase's law firm also signed the reinstatement agreement, acknowledging receipt of the funds "to cancel the pending foreclosure sale."

One day past the reinstatement period, ACU paid Chase $261,410.43, representing the full amount of the Chase Loan. Thereafter, Chase cancelled the security deed and closed Roberts' mortgage loan account. ACU added the Chase Loan pay-off amount to Roberts' HELOC Loan.

After ACU's pay-off to Chase, Roberts' monthly loan payment/indebtedness on his property increased by $1,225.97. Roberts repeatedly contacted Chase and requested a reinstatement of the Chase Loan, and although Chase promised to resolve the matter, the Chase Loan was not reinstated, resulting in Roberts filing the instant

5

complaint. Roberts also alleged that as a consequence of the increased payment on his home indebtedness, he had to forego helping his daughter with college tuition, and he complains of fees and costs "incurred by ACU for their error" that have been added to the balance of his loan.

As against both Chase and ACU, Roberts asserted separate claims for breach of contract, and joint claims for emotional distress, punitive damages, and attorney fees. As against only Chase, Roberts asserted additional claims for fraud and negligent misrepresentation.

> At a minimum, a complaint must contain "[a] short and plain statement of the claims showing that the pleader is entitled to relief," OCGA § 9-11-8 (a) (2) (A), and this short and plain statement must include enough detail to afford the defendant fair notice of the nature of the claim and a fair opportunity to frame a responsive pleading. If a complaint gives the defendant fair notice of the nature of the claim, it should be dismissed for failure to state a claim only if, as our Supreme Court has explained, its allegations disclose with certainty that no set of facts consistent with the allegations could be proved that would entitle the plaintiff to the relief he seeks. Put another way, if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. In assessing the sufficiency of the complaint, we view its allegations of fact in the light most favorable to the plaintiff.

6

(Citations and punctuation omitted.) *Benedict*, 309 Ga. App. at 134 (1). "[I]t is no longer necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim." (Citation omitted.) *Scott v. Scott*, 311 Ga. App. 726, 729 (1) (716 SE2d 809) (2011).

1. *Breach of Contract*. Roberts contends that the trial court erred in granting Chase's and ACU's motions to dismiss his breach of contract claims.

"The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." (Citation, punctuation, and footnotes omitted.) *Houghton v. Sacor Financial, Inc.*, 337 Ga. App. 254, 256 (1) (a) (786 SE2d 903) (2016). The security deed Roberts executed in favor of Chase contained a power of sale and was thus "a contract and its provisions are controlling as to the rights of the parties thereto and their privies." (Citation and punctuation omitted.) *Stewart v. SunTrust Mtg.*, 331 Ga. App. 635, 638 (3) (770 SE2d 892) (2015). Likewise, regarding the deed to secure debt Roberts executed in favor of ACU, "powers contained in a deed to secure debt are matters of contract, and will be enforced as written." (Citation and punctuation omitted.) *Hilton v. Millhaven Co.*, 158 Ga. App. 862, 863 (282 SE2d 415) (1981).

(a) *Chase*. Roberts' breach of contract claim against Chase is based on Chase's acceptance of payment from ACU *after* Roberts had timely paid the requisite amount to stop the foreclosure and reinstate his mortgage loan. The security deed and reinstatement agreement reflect that after Roberts cured the default on his mortgage loan, Roberts had the right to have enforcement of the security deed discontinued, and the security deed and the obligation secured thereby would remain fully effective under the terms applicable immediately prior to Roberts' default, as if no acceleration of the debt had occurred. The complaint, coupled with the attached security deed and reinstatement agreement as exhibits thereto, was sufficient to put Chase on notice of the breach of contract claim being asserted against it. Therefore, the trial court erred in dismissing the breach of contract claim against Chase. See *James v. Bank of America, N. A.*, 332 Ga. App. 365, 367-368 (2) (772 SE2d 812) (2015) (physical precedent only); *Stewart*, 331 Ga. App. at 638-639 (3); *Babalola*, 324 Ga. App. at 755 (2) (b).

(b) *ACU*. Roberts' breach of contract claim against ACU is based on ACU's payment in full of the mortgage loan *after* Roberts was no longer in default and was current on said loan. The deed to secure debt pertinently provides that ACU could

8

"disburse such sums and take such action *as is necessary* to protect"[4] its interest in the property. The complaint, coupled with the attached deed to secure debt, security deed, and reinstatement agreement as exhibits thereto, was sufficient to put ACU on notice of the breach of contract claim being asserted against it. Therefore, the trial court erred in dismissing the breach of contract claim against ACU. See *James,* 332 Ga. App. at 367-368 (2) (physical precedent only); *Stewart*, 331 Ga. App. at 638-639 (3); *Babalola*, 324 Ga. App. at 755 (2) (b).

2. *Emotional Distress*. Roberts alleged that he suffered "mental anguish and emotional distress" due to the "negligent or intentional acts and/or omissions" of Chase and ACU.

"A claim of intentional infliction [of emotional distress] requires conduct that is of such serious import as to naturally give rise to such intense feelings of humiliation, embarrassment, fright or extreme outrage as to cause severe emotional distress." (Citations and punctuation omitted.) *Benedict*, 309 Ga. App. at 138 (1) (b). Roberts' complaint "says nothing at all about humiliation, embarrassment, fright, extreme outrage, or severe emotional distress," and the allegations therein do not give fair notice to either Chase or ACU of a claim for intentional infliction of emotional

---

[4] (Emphasis supplied.)

9

distress. Id. "[F]or this reason, [Roberts] fails to state a claim for intentional infliction upon which relief can be granted." Id. See *James*, 332 Ga. App. at 368 (3).

To the extent that Roberts asserts a claim for negligent infliction of emotional distress, he also fails. "In a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury." (Citation, punctuation, and footnote omitted.) *Lee v. State Farm Mut. Ins. Co.*, 272 Ga. 583, 584 (I) (533 SE2d 82) (2000). See *Coon v. Med. Ctr., Inc.*, 300 Ga. 722, 734 (4) (797 SE2d 828) (2017) (explaining that in *Lee*, the Supreme Court of Georgia "recognize[d] a single, carefully circumscribed exception to the physical impact rule, [and] authoriz[ed] recovery of damages by a parent where the parent and her child both suffered a physical impact that caused them both physical injuries, even [where] the parent's emotional distress arose not only from her physical injury but also from watching her child suffer and die."). In the instant case, there is no allegation of a physical impact. Therefore, the trial court did not err in granting the motions to dismiss as to the emotional distress claim. See generally *Coon*, 300 Ga. at 734-735 (4).

3. *Fraud and Negligent Misrepresentation*. "The tort of fraud requires a willful misrepresentation of a material fact, made to induce another to act, upon which such

10

person acts [or avoids acting] to his injury." (Punctuation and footnoted omitted.) *Weathers v. Dieniahmar Music, LLC*, 337 Ga. App. 816, 824 (3) (788 SE2d 852) (2016).[5] "[F]raud must be pled with particularity under OCGA § 9-11-9 (b)." *Hedquist v. Merrill Lynch, &c. Smith, Inc.*, 284 Ga. App. 387, 394 (2) (b) (643 SE2d 864) (2007). But in *Cochran v. McCollum*,[6] the Supreme Court of Georgia "held with respect to an initial motion to dismiss, or motion to strike, that a claim of fraud should not be dismissed unless it appears beyond doubt that the pleader can prove no set of facts in support of the claim which would entitle him to relief, and that the remedy at that stage of the pleading is not a motion to dismiss but a motion for more definite statement under [OCGA § 9-11-12 (e)]." (Footnotes omitted.) *Tucker v. Chung Studio of Karate, Inc.*, 142 Ga. App. 818, 819-820 (3) (237 SE2d 223) (1977); OCGA § 9-11-12 (e). "[T]he only real distinction between negligent misrepresentation and fraud is the absence of the element of knowledge of the falsity of the information disclosed." (Citations and punctuation omitted.) *Holmes v. Grubman*, 286 Ga. 636,

---

[5] See *City Dodge, Inc. v. Gardner*, 232 Ga. 766, 770, n. 1 (208 SE2d 794) (1974) ("The five elements of fraud and deceit in Georgia are: (1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff.") (citation omitted).

[6] 233 Ga. 104 (210 SE2d 13) (1974).

11

640-641 (1) (691 SE2d 196) (2010). Accordingly, we consider the two claims in conjunction with each other.

Roberts alleged that his fraud and negligent misrepresentation claims against Chase are based on Chase's representations to reinstate the mortgage loan after Roberts paid the requisite reinstatement amount, and on *subsequent promises* made by Chase on "numerous occasions" to "rectify the mistake by reinstating his mortgage." Roberts alleged that he justifiably relied upon Chase's representations to his detriment, and that as a result of Chase's conduct, he incurred "damages . . . in an amount to be determined at trial." It is too early in these proceedings for us to say beyond doubt that Roberts can prove no set of facts in support of the fraud and negligent misrepresentation claims which would entitle him to relief. But "[a]t the very least [Roberts] should designate the occasions on which affirmative misstatements were made and by whom and in what way they were acted upon." (Citation omitted.) *Diversified Holding Corp. v. Clayton McLendon, Inc.*, 120 Ga. App. 455, 456 (2) (170 SE2d 863) (1969). Roberts did not meet the requisite pleading standard,[7] but the remedy is not dismissal of the claims. The trial court's dismissal of

---

[7] See *Tucker*, 142 Ga. App. at 820-821 (3) (setting forth cases addressing the standard for pleading fraud, including *Diversified Holding Corp.*, supra).

12

the fraud and negligent misrepresentation claims is reversed and the case is remanded with direction to treat the motion to dismiss as to those claims as a motion for a more definite statement under OCGA § 9-11-12 (e). See *Tucker*, 142 Ga. App. at 820 (3); see also *Babalola*, 324 Ga. App. at 755 (2) (c).

4. *Punitive Damages.* "[P]unitive damages are not available in breach of contract claims." (Footnote omitted.) *Servicemaster Co. v. Martin*, 252 Ga. App. 751, 757 (2) (c) (556 SE2d 517) (2001). But "[f]raud, if found, is tortious conduct," and will justify punitive damages. *Diana v. Monroe*, 132 Ga. App. 669, 671-672 (2) (209 SE2d 70) (1974). See *Clark v. Aenchbacher*, 143 Ga. App. 282, 284 (1) (238 SE2d 442) (1977) ("in an action for breach of contract, where there are matters of record relating to fraud, punitive damages can be awarded.") (citations omitted).

As concluded in Division 3, supra, the claim for fraud is not subject to dismissal at this stage of the proceedings. Therefore, the trial court did not err in dismissing the punitive damages claim as to ACU because the fraud claim, which can sustain punitive damages, was not asserted against ACU; but the court erred in dismissing the punitive damages claim as to Chase.

5. *Attorney fees.* Roberts alleged that pursuant to OCGA § 13-6-11, he is entitled to attorney fees on the ground that Chase and ACU have acted in bad faith,

13

have been stubbornly litigious, and have caused him unnecessary trouble and expense.

"The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." (Citation and punctuation omitted.) *Speir Ins. Agency v. Lee*, 158 Ga. App. 512, 514 (4) (281 SE2d 279) (1981); OCGA § 13-6-11. "Successful plaintiffs may recover under OCGA § 13-6-11 attorney fees and expenses of litigation only to the extent they are attributable solely to the claims on which they prevailed." (Footnote omitted.) *Magnus Homes v. DeRosa*, 248 Ga. App. 31, 34 (3) (545 SE2d 166) (2001). If Roberts succeeds on any of his claims, fees expended in pursuit of the claims upon which he prevails are recoverable if he satisfies the requirements of OCGA § 13-6-11. See generally *Fowler's Holdings, LLLP v. CLP Family Invs., L. P*., 318 Ga. App. 73, 76 (2) (732 SE2d 777) (2012) ("If the claim for breach of contract was successful, fees expended in pursuit of that claim are recoverable," under OCGA § 13-6-11) (citation and emphasis omitted); *Magnus Homes*, 248 Ga. App. at 31, 33-34 (3) (affirming award of damages under OCGA § 13-6-11, in breach of contract and negligent construction case); *Kopp v. First Bank of Ga*., 235 Ga. App. 520, 524 (3)

14

(509 SE2d 384) (1998) ("Every intentional tort, such as fraud, invokes the species of bad faith that under the provisions of . . . OCGA § 13-6-11 entitles the person wronged to recover the expense of litigation involving attorney's fees.") (citation and punctuation omitted). Accordingly, the trial court erred in dismissing the claim for attorney fees.

*Judgment affirmed in part and reversed in part, and case remanded with direction and for further proceedings. Ellington, P. J., and Andrews, J., concur.*