[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12401
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-00002-TCB


CHANDRA TURKS,

Plaintiff-Appellant,

versus

BANK OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 1, 2018)

Before TJOFLAT, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Chandra Turks appeals the district court's dismissal of her complaint alleging a number of claims under state and federal law relating to a non-judicial foreclosure sale of her home by Bank of America, N.A.  After Bank of America removed the case to federal court, the district court construed her complaint as asserting claims under the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), and Georgia law.  On appeal, Turks argues the district court's dismissal should be reversed, and she reasserts the factual allegations that provided the basis for her claims.  After careful review, we vacate and remand for further proceedings.

I.

In 2008, Turks purchased a home in Newnan, Georgia.  To finance the purchase, Turks took out a loan from Bank of America, secured by a security deed.  In 2015, Turks fell behind on her loan payments.  On May 19, 2016, Bank of America wrote to Turks, acknowledging that she had reached out about home loan assistance programs and "strongly encourag[ing]" her to apply.  The letter requested a number of documents so that Bank of America could "evaluate [her] loan for a modification."  The letter said the documents should be sent by June 21, 2016.

On June 2, 2016, Bank of America sent Turks another letter acknowledging that it had received her "financial documentation."  The letter said Bank of

America would send another letter "in the next few days that either confirms we have all the documents we need from you, or identifies the documents you still need to provide, along with the timeframe in which you must provide them." The letter also said "[i]f your loan has been previously referred to foreclosure, we will not conduct a foreclosure sale (subject to court approval where applicable) during the period of time you have to send us all required documents, and while we evaluate your complete application once it is received, subject to applicable law."

There are no additional written communications between Turks and Bank of America regarding the completeness of her application in the record. However, Turks says she spoke with a Bank of America representative on the phone a number of times, and was eventually told that she had submitted all the required information and that "a postponement of sale would be submitted." Nonetheless, on July 5, 2016, Turks's home was sold at a non-judicial foreclosure sale. A later letter from Bank of America's counsel clarified that it "did not receive complete financial documents from [Turks] until June 2, 2016. That left insufficient time for review prior to the July 5, 2016 foreclosure sale." This was so even though Turks sent the documents to Bank of America well before the June 21, 2016 deadline they initially provided.

Turks, proceeding pro se, filed suit in Georgia state court against Bank of America for claims relating to the foreclosure of her home. Turks stated claims for

3

breach of contract, promissory estoppel, intentional infliction of emotional distress, misrepresentation, and wrongful foreclosure.  She says Bank of America acted in bad faith in foreclosing on her home after it told her it would postpone the sale pending the submission of a completed loan modification application.  And she says Bank of America's representations led her to forego other opportunities to avoid foreclosure.  The district court also construed her complaint to raise claims under the FDCPA and RESPA.

Bank of America moved to dismiss Turks's action for failure to state a claim, which a magistrate judge recommended granting.  Turks objected to the magistrate judge's findings, providing several pages of additional facts in support of her claims.  In particular, she described a number of other avenues for relief she would have pursued had she known Bank of America had no intention of reviewing her loan modification agreement, including through the HomeSafe Georgia Program and Chapter 13 Bankruptcy.  She also specifically objected to the magistrate judge's recommendations on her claims for misrepresentation, promissory estoppel, and intentional infliction of emotional distress.

The district court adopted the magistrate judge's recommendations and dismissed Turks's claims.  This appeal followed.

4

## II.

We review <u>de novo</u> a grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff." <u>Glover v. Liggett Grp.</u>, 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). "<u>Pro se</u> pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). To be considered plausible, the allegations in the complaint must "raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). Stating a claim upon which relief may be granted "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" be enough to survive a Rule 12(b)(6) motion to dismiss. <u>Id.</u> at 555, 127 S. Ct. at 1964–65. We therefore disregard any allegations that are mere legal conclusions and determine whether the remaining facts alleged, if accepted as true, would entitle the complainant to relief. <u>Am. Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1290 (11th Cir. 2010).

5

Generally, if a more carefully drafted complaint could state a claim, a district court must offer a plaintiff an opportunity to amend the complaint before it dismisses the action with prejudice. Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018). A district court need not grant leave to amend if either (1) the plaintiff gives a clear indication that she does not want to amend the complaint, or (2) a more carefully drafted complaint could not state a claim. Id. In Woldeab, we noted that even though the plaintiff did not ask to amend his complaint, "[t]he district court should have advised Woldeab, proceeding pro se, of his complaint's deficiency and given him the opportunity to amend . . . before the court dismissed with prejudice." Id. at 1291–92.

## III.

Georgia law recognizes the doctrine of promissory estoppel. Zhong v. PNC Bank, N.A., 812 S.E.2d 514, 525 (Ga. Ct. App. 2018). "The elements of promissory estoppel are: the defendant made a promise upon which he reasonably should have expected the plaintiff to rely, the plaintiff relied on the promise to his detriment, and injustice can be avoided only by enforcing the promise because the plaintiff forwent a valuable right." Mbigi v. Wells Fargo Home Mortg., 785 S.E.2d 8, 20 (Ga. Ct. App 2016) (quotation omitted). A plaintiff may not base a claim of promissory estoppel on vague or indefinite promises. Id. Reasonable

6

reliance is an issue of fact under Georgia law.  See Reynolds v. CB&T, 805 S.E.2d 472, 478 (Ga. Ct. App. 2017).

Georgia courts have recognized that claims for breach-of-contract, wrongful foreclosure, and fraud may lie where the holder of a security deed offers loan assistance to a borrower in default, informs the borrower that the foreclosure sale would be postponed pending an application, and proceeds to foreclose despite its representations to the contrary.  See Stewart v. Suntrust Mortg., Inc., 770 S.E.2d 892, 895–97 (Ga. Ct. App. 2015).  Such claims may be based on either a fiduciary relationship established in the original security deed, the implied covenant of good faith and fair dealing, or the general duty to act in good faith during foreclosure proceedings.  See id. at 896–98.  In certain cases, an intentional wrongful foreclosure claim can also provide the basis for a claim of intentional infliction of emotional distress.  McGinnis v. Am. Home Mortg. Servicing, Inc., 817 F.3d 1241, 1258 (11th Cir. 2016).

The district court erred in finding that Turks had not stated a claim for promissory estoppel.  In her complaint, Turks alleged that Bank of America offered her an opportunity to apply for loan modification that would postpone foreclosure, and that she relied on that offer by foregoing other opportunities to seek assistance elsewhere and avoid foreclosure.  Based on the exhibits attached to the complaint, Bank of America told Turks she had until June 21, 2016 to submit

all her required documents and that Bank of America would not initiate foreclosure proceedings during that time and until it had reviewed her application. It was not until well after Bank of America had foreclosed upon Turks's house that it told her her application was submitted too late for review, even though it was submitted well before the deadline Bank of America had provided. Bank of America's promise to postpone foreclosure while reviewing Turks's application had sufficiently definite terms and a finite duration. See Mbigi, 785 S.E.2d at 20. Construing the facts in Turks's favor, we conclude the district court erred in dismissing this claim.

Because Turks presented additional facts in her responses to Bank of America's motion to dismiss and to the magistrate judge's recommendations that indicated she might be able to properly plead her other claims, the district court also should have sua sponte offered her an opportunity to amend her complaint. See Woldeab, 885 F.3d at 1291–92. This is especially so because Turks filed in state court and had no chance to amend her complaint to comply with federal pleading requirements. We therefore vacate the district court's order dismissing Turks's claims. On remand, the district court is directed to provide Turks with an opportunity to restate her claims to cure the deficiencies it identified in her initial complaint.

**VACATED AND REMANDED.**

8